## THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY

### v.

### SARAH L. DINGMAN.

RAILROADS—INJURY IN ALIGHTING FROM CARS—NEGLIGENCE.—It is the duty of railway companies to provide for their passengers safe and convenient places for landing, and every reasonable facility for alighting with safety; but it is also incumbent upon the passengers, on their part, to exercise due care and caution to avoid injury. Where a proper landing place is provided, and the passenger knows or has the means of ascertaining its locality, he should make his exit at the place so provided; and if in attempting to alight elsewhere, he unnecessarily and negligently exposes himself to danger and is thereby injured, his injury is the result of his own act, and he cannot recover therefor against the railway company.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. THOMAS F. WITHROW, for appellant, cited The Pennsylvania Railroad Company v. Zebe, 37 Pa. St. 420; Lewis v. London, Chatham & Dover, R'y Co., 22 W. R. L. T. (N. S.) 397.

Mr. A. GARRISON and Mr. M. D. BROWN, for appellee, insisted that the court will not reverse where substantial justice has been done, and cited Rowle v. Hughes, 40 Ill. 316; Ryan v. Brant, 42 Ill. 78.

BAILEY, J.  This was an action on the case, brought by ap-

C., R. I. & P. R. R. Co. v. Dingman.

pellee against appellant, to recover damages for injuries which appellee alleges she received while alighting from one of appellant's cars, at Thirty-first street, in the city of Chicago.

It appears that on the evening of the 10th day of December, 1873, appellee entered one of appellant's cars, at the station between Forty-seventh and Forty-eighth streets, paid her fare, and requested the conductor to let her off at Twenty-ninth street. He informed her that the train did not stop there, but stopped at Thirty-first street, where he would let her off. Appellee then asked the conductor to show her off on arriving at Thirty-first street, and he said he would do so.

At the time it was raining, and very dark. When the train reached Thirty-first street, the conductor came with a lantern in his hand to the north or front door of the car in which appellee was sitting, and announced the station, and then stepped down on the easterly side of the car at the front platform, and helped several passengers to alight from the train.

Appellee was sitting near the rear end of the car. She admits that she saw and heard the conductor as he came to the front door with a lantern and announced the station. Instead, however, of going to the front door where the conductor was, and where he was ready to assist her in alighting, she went to the rear door and stepped down on the westerly side of the car, it being so dark at the time as to render it impossible for her to see where she was likely to land, and in so doing, as she testifies, fell into a culvert situated on the westerly side of the track, and received the injuries of which she now complains.

The only reason appellee assigns for getting off at the rear end of the car, is, that she was sitting nearest that end, and feared that if she went to the front door, the cars might start before she got off. The record, however, fails to disclose any ground whatever for such fear. She testifies that the conductor, as soon as he had announced the station, disappeared from her view, but admits her inability to state whether he stepped down with his light and helped passengers off at the front end of the car, as she went out by the rear door and stepped down on the other side. A bystander, however, testifies positively to seeing the conductor step down from the platform, after announ-

cing the station, and help off some ten or twelve passengers.

It is alleged that appellant was negligent in leaving the culvert uncovered; in stopping the car where passengers, alighting, might fall into it, and in allowing appellee to get off over the culvert without any light or warning of danger. On the other hand, it is charged that appellee, in alighting from the car in the manner she did, was guilty of such a degree of negligence as must preclude her recovery.

It is unquestionably the duty of railway companies to provide for their passengers safe and convenient places for landing from their cars, and to furnish them with every reasonable facility for alighting with safety; but it is also incumbent on the passengers to exercise on their part due care and caution to avoid injury. Where a proper landing place is provided, and the passenger knows or has the means of ascertaining its locality, he should make his exit at the place so provided, and if, in attempting to alight elsewhere, he unnecessarily and negligently exposes himself to danger, and is thereby injured, his injury is the result of his own act, and he cannot recover damages therefor against the railway company.

In this case, it is not disputed that there was a safe and convenient landing place at the front end of the car; nor can it be doubted that had appellee attempted to pass out of the front door she would have had the assistance of the conductor, and would have had the benefit of the light of the conductor's lantern. She had requested his assistance because of its being so rainy and dark, and he had promised to give it. The conductor, on reaching the station, had appeared at the front door, and announced the station, thus notifying her where to go to avail herself of his assistance. It was but the dictate of the most ordinary prudence, under these circumstances, for her to go to the front door, and thus avail herself of the services of the conductor, which she had bespoken, and which she was invited to accept. The position of the conductor on the train was, under the circumstances, notice to her of the place where it would be safe to alight. Her conduct in going out of the rear door instead, and stepping off from the car on the side opposite the one where the conductor was standing with his

lantern, and where it was so dark as to render it impossible for her to discern where she was about to land, is, in the light of the evidence, wholly irreconcilable with ordinary prudence on her part. We think her injury was the result of her own careless act, and it would be contrary to well established rules of law to permit her to recover damages therefor against appellant.

It is further insisted by appellant's counsel that the preponderance of the evidence shows that appellee was not in fact injured in the manner she claims. On this question the evidence was so far conflicting that we do not feel called upon to review it, and so express no opinion upon the point here made.

We think, however, the jury, in passing upon the question of appellee's negligence, found against the clear and manifest preponderance of the evidence, and for that reason we feel compelled to reverse the judgment, and direct that the cause be submitted to another jury.

Reversed and remanded.