Bernard Roden

v.

The Chicago and Grand Trunk Railway Company.

*Filed at Ottawa May 14, 1890.*

1. Negligence—*travelers along right of way—care required of railway company.* A railway company owes a trespasser traveling along its tracks no duty to furnish a flagman or to ring a bell on the approach of a train. These warnings are for the benefit of those about to cross railroad tracks.

2. Those who travel on foot upon railroad tracks as highways, are themselves guilty of gross negligence, and the railway company is only responsible for willful or wanton injuries to them, or for injuries resulting from a degree of negligence equivalent thereto.

3. Practice—*directing what the verdict shall be.* Where there is no evidence to support an alleged cause of action in favor of the plaintiff, it is proper for the court, after the plaintiff has closed, to instruct the jury to find for the defendant.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Burke & Hollett, and Mr. John Gibbons, for the appellant.

Mr. F. H. Culver, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, by appellant, for negligence of appellee, causing personal injury to appellant. The Superior Court, after hearing all the evidence offered on behalf of appellant, instructed the jury to find for appellee. Verdict and judgment thereon were thereupon rendered in behalf of appellee, and that judgment was affirmed in the Appellate Court for the First District. The only question here is, whether there is evidence in the record which would support a judgment in behalf of appellant.

The declaration contains four counts, in each of which it is alleged appellant was in the observance of due care for his personal safety at the time that he was injured. In the first count the negligence of appellee is alleged to have been in carelessly and improperly driving and managing its engine. In the second count it is alleged to have been in running at a greater rate of speed than provided by an ordinance of the city. In the third count it is alleged to have been in not ringing a bell. In the fourth count it is alleged to have been in omitting to have a flagman at the crossing.

At the time appellant was injured he was traveling longitudinally along the main track of appellant's railway, where trains were frequently passing in each direction. The company owed him, therefore, no duty in respect to furnishing flagmen, or ringing a bell, which are for the benefit of those about to cross railroad tracks. (*Chicago, Rock Island and Pacific Ry. Co.* v. *Eininger*, 114 Ill. 79.) Those who travel upon railroad tracks as highways, are themselves guilty of gross negligence, and the railroad company is only responsible for willful or wanton injuries to them, or for injuries resulting from a degree of negligence equivalent thereto. *Illinois Central Railroad Co.* v. *Godfrey*, 71 Ill. 507; *Illinois Central Railroad Co.* v. *Hetherington*, 83 id. 510; *Blanchard* v. *Lake Shore and Michigan Southern Ry. Co.* 126 id. 416.

There is no evidence tending to show negligence in driving and managing appellee's engine, or that its engine was running at a greater rate of speed than provided by ordinance. Appellant testified that he was walking south on the railroad track, and, observing an engine approaching on the same track, he stepped over on another track, and, as he did so, he was struck and injured by an engine approaching from his rear. As he stepped on the other track, he says he did not look in the rear, from which the engine that struck him was approaching, and that he walked only twenty-five or thirty feet until he was struck. There is no evidence that he was observed by

those in charge of the engine that struck him, before he was struck, or, if he had been, that the engine could have been stopped by any management, however skillful, before he was struck. There is no ordinance in evidence limiting the speed of trains at this point, and no evidence tending to show that the engine was being run at a high and reckless rate of speed.

We find no cause to disturb the judgment below, and it is therefore affirmed.

*Judgment affirmed.*