### Illinois Central Railroad Co. v. Joseph Oberhoefer.

1. ORDINARY CARE—*Finding Against the Weight of the Evidence.*— A finding that a person suing for personal injuries was, at the time of the accident, in the exercise of ordinary care for his own safety, if clearly against the weight of the evidence, should be set aside.

2. TRESPASSER—*Upon Railroad Grounds, When a Passenger is.*— When a passenger leaves a train and proceeds along the track instead of taking a safe exit provided by the company, he becomes a trespasser.

3. SAME—*Duty of Railroad Companies.*—A railroad company owes no duty to a trespasser upon its tracks in respect to furnishing flagmen or ringing a bell.

4. SAME—*Using Railroad Tracks as Highways.*—Persons who travel upon railroad tracks as highways are themselves guilty of gross negligence, and the railroad company is only responsible for willful or wanton injuries to them, or for injuries resulting from a degree of negligence equivalent thereto.

I. C. R. R. Co. v. Oberhoefer.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Reversed. Opinion filed June 29, 1898.

JOHN G. DRENNAN, attorney for appellant; JAMES FEN-TRESS, of counsel.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

November 12, 1890, about 12:30 at night, appellee, while walking over appellant's railway tracks and right of way, was injured by one of appellant's south-bound suburban trains on which he had just been a passenger and had alighted to go to his home. His injury resulted in the loss of his right leg below the knee. March 5, 1892, appellee, then being twelve days under twenty-one years of age, settled with appellant, and received from it $150 in full satisfaction of all claims, demands, damages and causes of action against appellant, and released it therefrom.

March 13, 1894, appellee brought suit for the same injury in the Superior Court, where a trial before the court and a jury resulted in a verdict and judgment on May 29, 1897, in his favor, from which this appeal is taken.

The declaration, consisting of five counts, charges in substance that appellee was injured while exercising ordinary care, by reason of appellant's negligence in allowing a certain cinder path or walk provided for passengers to walk upon its right of way in Chicago, leading from 51st street, alongside of and west of its railway tracks to its 50th street station, to be and remain obstructed by stone and other obstructions, so that it could not be traveled upon in safety in the night time, and in neglecting to place lights along said walk on appellant's tracks to enable passengers to go to and from appellant's trains in safety; also in negligently running its train, and in failing to ring a bell or blow the whistle on its engine, or to give any reasonable

warning of the train's approach; that by reason of the negligence of appellant in permitting said path to be obstructed, and neglecting to place lights as aforesaid, appellee, a passenger on appellant's train, when he alighted therefrom to go to his home, could not walk along said path in safety, and was thereby compelled to and did walk along one of appellant's tracks, and while so walking along said track he was so surprised and frightened by the headlight of appellant's train approaching him from behind (being the same train from which he had just alighted) flashing in front of him that he thought the train was approaching upon the track he was then walking on, and in order to escape he jumped from said track to one side upon the track on which the train was running, and thereby got in front of the train; was thereby knocked down and the wheels passed over his right leg, so that it became necessary to amputate it, which was done, and he thereby was otherwise injured, etc. At the close of the plaintiff's evidence, and also at the close of all the evidence, and before the case was submitted to the jury, appellant's counsel asked the court to give a written instruction, then presented, directing the jury to find for defendant, but the court refused to give such instruction, to which refusal appellant's counsel duly excepted. The jury found specially that the servants in charge of the train that injured appellee did not intentionally nor willfully cause the train to injure him; that at the time he was injured he was attempting to walk upon, along or between the tracks of appellant in order to reach 51st street, and that before and at the time of his injury appellee was in the exercise of ordinary care for his own safety.

The evidence, among other things not necessary to be considered in the view we take, shows that appellee had been a passenger on appellant's train that injured him; had paid his fare; that the train was going south from the city on the easterly one of two tracks used by appellant's suburban trains; that it stopped at appellee's station near 50th street and Lake avenue to let off passengers; that the coach on which appellee was riding stopped about 200 feet south

of 50th street; that appellee alighted from the front plat-form of the coach next to the engine of the train when it stopped, stepped one or two steps westerly from the train, proceeded in a southerly direction on appellant's right of way toward 51st street along the westerly of the two tracks used by appellant's suburban trains, or along the space between the easterly and westerly of said two tracks; passed alongside the engine; when he had gone along the tracks about eighty feet the train, having stopped twenty to twenty-five seconds, started up on its course south; the headlight of the engine flashed in front of appellee as he walked along and surprised and frightened him so that he supposed the train was on the track on which he was walk-ing; he jumped to one side, thinking to avoid the train, but instead jumped in front of the engine, was knocked down and his right leg cut off at the ankle.

The evidence also shows that appellee was a cook at the Hyde Park hotel at 51st street and Lake avenue, just one block and a half from appellant's 50th street station; that he had worked at the hotel six or seven months prior to the injury, and after a visit to New York, had worked at the hotel continuously for the three weeks just prior to the acci-dent; had been in the habit of taking appellant's suburban trains at 50th street station during all the time he had worked at the hotel, and for the three weeks prior to his injury had used its trains, taking them at this point almost daily; that he was entirely familiar with the station, its approaches, the railway tracks and the method and fre-quency of the running of appellant's trains, and that they only stopped at this station twenty to thirty seconds, and knew that this train would start in a few seconds after he alighted from it; that Lake avenue, a public street, with a sidewalk thereon, runs parallel to appellant's tracks from 50th to 51st street, and 200 feet west from appellant's depot; that the depot was about 100 feet south from 50th street, and there was a passageway eleven and one-half feet wide from Lake avenue to the north end of appellant's depot for the use of persons desiring to take appellant's trains or to leave

them; that at this point (50th street station) appellant had six tracks, the two westerly being for the use of suburban trains, the first on the west for north-bound trains and the second for south-bound trains, the two east of those for through trains, and the remaining two on the east for freight trains; that immediately west of the two suburban tracks and opposite the depot was a platform about 150 feet in length and leading from the south end of this platform along the west side of the westerly track to 51st street was a cinder path or walk three to four feet in width and four or five feet from the west rail, which path was at and prior to the time of appellee's injury habitually used by persons going to appellant's trains from 51st street or leaving the trains to go toward 51st street; that immediately west of the cinder path, extending from the depot south to 51st street and west to appellant's westerly line of its right of way, was unoccupied ground more than twenty-five feet in width, and along the westerly line of the right of way was a stone wall; that 51st street crossed appellant's tracks, and along the north line of 51st street was a wire fence with an opening at the south end of the cinder path through which persons going to or coming from the trains to 51st street passed; that appellant's depot and platform at the time of the accident were lighted by kerosene lamps; there were no lights along the cinder path; the night was dark, and appellee says was "cold and nasty." A clear preponderance of the evidence shows that there was no obstruction in the cinder path which would have prevented appellee from following it. He knew of the passageway to Lake avenue, but says that he went south toward 51st street because that was nearer. He made no attempt to walk along the cinder path where there was no danger, but knowing, as he says, that the train from which he alighted would start in a few seconds, he walked along appellant's tracks where no duty to ring a bell or sound a whistle or give any warning of the movement of its train was due to him from appellant. As we have seen, the jury found that he was not intentionally nor willfully injured, which finding is amply sustained by

the evidence.  The engineer of appellant's train did not see appellee on the tracks, nor did any of appellant's servants, nor could they have been expected to anticipate his presence on the tracks.  The finding that appellee was in the exercise of ordinary care for his own safety is clearly against the weight of the evidence.  If it were conceded that the cinder path was obstructed, appellee, according to his evidence, knew all about it, knew that it was not lighted, and, according to his evidence, knew it was obstructed, and deliberately walked upon the tracks of appellant, which he knew to be a dangerous place, instead of making his exit along the unoccupied grounds to the west of the cinder path or by the passageway at the depot to Lake avenue. Appellant had the right to obstruct the cinder path so long as it provided another safe and commodious exit from its trains, as it did.  Appellee was no less a trespasser upon the tracks, even if the cinder path was obstructed and it was not lighted.  When he left the train and proceeded along the tracks instead of to a safe exit provided by appellant, he became a trespasser.    Roden v. C. & G. T. Ry. Co., 133 Ill. 72, and cases cited; Wabash R. Co. v. Jones, 163 Ill. 167; Ward v. C. & N. W. Ry. Co., 165 Ill. 466; Mathews v. Atlantic & N. C. R. Co., 23 S. E. Rep. 177; C. R. I. & P. Ry. Co. v. Dingman, 1 Ill. App. 162; Bancroft v. B. & W. R. Co., 97 Mass. 278; Sturgis v. Detroit, etc., R. Co., 72 Mich. 619; Drake v. Penn. Co., 137 Pa. St. 352–9.

In the Roden case, *supra*, the court said: " At the time appellant was injured he was traveling longitudinally along the main track of appellant's railway, where trains were passing in each direction.  The company owed him, therefore, no duty in respect to furnishing flagmen or ringing a bell, which are for the benefit of those about to cross railroad tracks.    C., R. I. & P. Ry. Co. v. Eininger, 114 Ill. 79. Those who travel upon railroad tracks as highways, are themselves guilty of gross negligence, and the railroad company is only responsible for willful or wanton injuries to them, or for injuries resulting from a degree of negligence equivalent thereto."

In the Sturgis case, *supra*, the person injured had been a passenger and in leaving the train went upon the railway tracks, which were not lighted, from the depot platform, instead of going by the passageway provided from the depot to the regular highway of the village, and was injured. The court said: "There was no conflict in the evidence that defendant had all necessary platform accommodations, with access to the only highway leading to the town. The only ground urged for the plaintiff was that the railroad track was very generally used as a shorter cut from the village to the depot than was furnished by the regular road. * * * It is impracticable to keep off trespassers from an open track, and all who go upon it do so at their own risk of such dangers as are incident directly to such use. Under all the decisions made in this State on the subject, a company which has provided all reasonable facilities for ingress and egress from its station houses has done its full duty in that regard."

In the Bancroft case, *supra*, the court said: "The defendants had provided a sufficiently convenient and readily accessible place of egress from the platform upon which the intestate stepped upon leaving the train. He could have reached the highway through the passage so provided without going on the track of the railroad. Instead of taking this course he attempted to pass across the track unnecessarily at a moment when he knew that the train he had just left was slowly moving off so as to obstruct his view toward the point from which trains coming from the city approached the station. In consequence of this he did not see the express train by which he was struck in time to extricate himself seasonably to avoid collision with it. The track of a railroad over which frequent trains are passing, is a place of danger. A person who goes upon it unnecessarily or without valid cause voluntarily incurs a risk for the consequences of which he can not hold other persons responsible, certainly not without adequate proof that he took active measures of precaution to guard against accident."

It seems unnecessary to consider the other contentions of counsel in view of the facts of this case and the law as defined in cases *supra*. Appellee unnecessarily and negligently went into a known place of danger upon appellant's railway tracks, fully known by him to be dangerous, when he knew of and might have taken at least three other ways to reach the street, to-wit, the cinder path, or unobstructed ground west of the path, or the passage at the depot leading to Lake avenue, the latter being provided by appellant for the use of passengers, and therefore failed to exercise ordinary care for his own safety.

Moreover, appellant was guilty of no negligence, having provided a safe and commodious exit from its trains, and the exit which appellee was in the habit of using was not obstructed so as to prevent or make its use unsafe for appellee.

The judgment will be reversed.