Belknap,  }
April 1, 1902. }

SHANNON, *Adm'r*, v. BOSTON & MAINE RAILROAD.

In an action for negligence by an administrator, the plaintiff is not entitled to recover if the intestate by the exercise of ordinary care could have avoided an injury resulting from dangerous forces continued in action through the defendants' fault.

CASE, for causing the death of the plaintiff's decedent (Beede) by negligence, while he was trespassing upon a bridge on the de-

fendants' line of road.  Trial by jury and verdict for the defend-
ants.  Transferred from the November term, 1901, of the superior
court by *Peaslee*, J.

On the west side of the track across the bridge there was not
sufficient room for a man to stand when a train passed unless he
got down upon the projecting end of a pier.  On the east side
there was a walk and ample room.  The engineer of a locomotive
drawing a train, when some 900 feet from the bridge, saw Beede
standing on the bridge, west of the track, and then supposed he
would get out of danger.  Shortly thereafter, the engineer saw
him standing on the extreme westerly edge of the bridge, facing
and looking at the train, and apparently intending to remain in
that position until the train passed.  The engineer testified that
he thought there was sufficient room to pass in safety, and so
made no effort to slacken the speed of the train; and that he could
have slackened it materially if he had applied the brakes when he
first saw Beede.  The train crossed the bridge at a speed of about
thirty-five miles an hour, and struck and killed Beede.  The de-
ceased was forty-nine years old, in the full possession of his
faculties, and on this occasion constantly observed the approach-
ing train.

The jury were instructed that if, after the engineer saw that
Beede intended to remain where he was, there was reason to be-
lieve he would be injured, and that in the exercise of reasonable
care the engineer should therefore have slackened his speed and
so prevented the accident, the defendants were in fault.  They
were further instructed that if, during the time just before the
engine struck him and practically up to the time of the collision,
Beede could, and, if he had exercised reasonable care, would have
stepped out of danger, either by getting down upon the pier or
stepping across the track to the walk, then his own negligence
was so far a part of the cause of the accident that the plaintiff
could not recover.  To the latter instruction the plaintiff excepted,
upon the ground that such negligence by Beede would not be the
proximate cause of the accident if the engineer could have avoided
it after he discovered Beede's intention to remain.

*Shannon & Young* and *E. A. & C. B. Hibbard*, for the plaintiff.

*Jewett & Plummer* and *Frank S. Streeter*, for the defendants.

CHASE, J.  If the verdict of the jury was the result of the
second instruction, they must have found that Beede was negligent
up to the time of the collision in not moving to a place of safety.
If, after the engineer saw that Beede was apparently intending to

remain in his position, the engineer could, and in the exercise of reasonable care ought to, have attempted to avoid the collison, Beede, according to the finding of the jury, might during this interval of time have avoided the collision by an exercise of like care. In other words, Beede, by the exercise of ordinary care, might have avoided the evil effects of the forces that had already been set in motion, or rather, were allowed to continue in motion, by the defendants' negligence. Without his negligence the collision would not have occurred, notwithstanding the defendants' negligence, for he would have been beyond the reach of the forces that were in action through their negligence. If his negligence was not the proximate cause of his death, it was a contributing cause, and in either event his representative is not entitled to recover damages of the defendants therefor.

*Exception overruled.*

All concurred.