Rockingham,  
March 3, 1903.

### LITTLE *v.* BOSTON & MAINE RAILROAD.

In an action for personal injuries sustained by a highway traveler through collision with an electric car, a motion for a nonsuit is properly denied if the evidence warrants a finding that the accident resulted from the motorman's failure to exercise due care in the management of the car at a time when he ought reasonably to have apprehended that the plaintiff's negligence would place him in a position of danger.

A challenge to a defendant railroad company to make experiments for the purpose of showing the distance in which a car can be stopped, made in the presence of the jury during closing argument for the plaintiff, is improper and prejudical, and furnishes sufficient cause for setting aside a verdict.

CASE, for personal injuries. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1902, of the superior court by *Pike*, J.

The defendants' motion for a nonsuit was denied, subject to exception. The defendants also excepted to remarks of the plaintiff's counsel in closing argument, wherein he challenged the defendants to then make experiments showing the distance in which an electric car like the one in question could be stopped.

*Samuel W. Emery*, for the plaintiff.

*Frink & Marvin*, for the defendants.

BINGHAM, J. The defendants contend that the plaintiff's injury was due to his negligence in attempting to cross the track without making any effort to ascertain whether a car was approaching. The plaintiff concedes that if his conduct in approaching and entering upon the track as he did was negligent, and a proximate and contributing cause of his injury, the defendants' position

would be correct. His answer, however, is that there was evidence from which the jury were warranted in finding that his conduct was not a proximate and contributing cause of his injury, but that the accident was due solely to the negligence of the defendants' motorman in not seasonably stopping the car after he saw the plaintiff turn his horses toward the track, apparently intending to cross in front of the car, and when he knew or ought to have known that the plaintiff's negligent purpose, if carried out, would place him upon the track when the car reached the place where he was crossing.

In *Gahagan* v. *Railroad*, 70 N. H. 441, 450, where the engineer saw the plaintiff approaching the track without observing the approaching train, it was held that "if the engineer knew or ought to have known that the plaintiff's negligence would place him upon the crossing when the train reached it, the engineer was equally bound to avoid the collision as if he saw the plaintiff actually on the track." And the rule announced in *Parkinson* v. *Street Railway*, 71 N. H. 28, where the motorman saw the plaintiff upon the track, was, that if the plaintiff's want of care creates a dangerous situation, and thereafter the defendant by the exercise of ordinary care could, while the plaintiff by the exercise of like care could not, avoid the accident, the defendants' want of care under such circumstances is the legal or proximate cause, while the plaintiff's negligence furnished merely the occasion for the injury.

In the present case there was evidence that the plaintiff did not see the approaching car until it was right upon him; that when he turned his horses toward the track he was seen by the motorman, who then thought he was intending to cross the track in front of the car; that the motorman then had reason to know that if the plaintiff continued in his purpose there would be a collision; and that the motorman could have avoided the accident by applying the brakes at any time before the car was within forty feet of the place where the plaintiff was crossing the track. If it also could have been found from the evidence that after the car was within forty feet of the place of the collision it was beyond the power of the motorman to have then prevented the accident, and if the jury did so find, it cannot be said that they would not be justified in also finding that the plaintiff was so situated in reference to the track that he could not have avoided the accident.

Under the circumstances presented by the evidence, the jury were therefore warranted in concluding that the legal or proximate cause of the plaintiff's injury was the defendants' failure to exercise reasonable care, after the motorman, seeing the plaintiff was negligently approaching the track, should have known that

his negligence would place him upon the track when the car reached the point where he was crossing it.

If it would have been permissible for the defendants in the course of the trial to have presented evidence of experiments, or upon a view to have made experiments before the jury, showing in what distance a car equipped as the one in question was could have been stopped, and for the plaintiff's counsel to argue that they did not do so because it would have shown that the car could have been stopped in the distance the plaintiff claimed (questions not here considered), it was improper for him in his closing argument to the jury to then challenge the defendants to make such experiments, knowing that the evidence was closed. At that stage of the case the defendants had no legal right to offer further evidence, and it was exceedingly improbable that the presiding justice would then have permitted a view for any purpose. To challenge the defendants, in the presence of the jury, to then make experiments, as was done by the plaintiff's counsel, was unwarranted, improper, and prejudicial. A new trial must be had.

*Verdict set aside.*

CHASE, J., was absent: the others concurred.