Rockingham, {
April 5, 1904. {

### LITTLE *v.* BOSTON & MAINE RAILROAD.

In an action for injuries sustained by a highway traveler through collision with an electric car, a motion for a nonsuit is properly denied if the evidence warrants a finding that the accident resulted from the motorman's failure to exercise due care in the management of the car after the plaintiff had negligently placed himself in a situation of danger.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1903, of the superior court by *Stone,* J., upon the defendants' exceptions to the denials of their motions for a nonsuit and an order of judgment in their favor. For the general facts, see *ante, p.* 61.

*Samuel W. Emery* and *Eastman & Hollis,* for the plaintiff.

*Frink & Marvin* and *John W. Kelley,* for the defendants.

CHASE, J. According to the testimony, the plaintiff's cart was twelve to fifteen feet in length, and it is a matter of common knowledge that the horses hitched to the cart would add some eight or ten feet, making the whole length of the team twenty to twenty-five feet. There was testimony that the horses were walking at the rate of about three miles an hour when crossing the track. At this rate, the team would be four and one half to five and three quarters seconds in passing over the track. The evidence also tended to prove that the car was going eight to ten miles an hour, and that when going at the latter speed it could be stopped within fifty feet. While the team was passing over the track at the rate of three miles an hour, the car would go fifty-three to eighty-three feet—a distance within which the motorman might have stopped it by the exercise of due care, even if it was going at

the highest rate of speed. It is apparent from these figures, that impartial men might reasonably find, upon a consideration of the testimony, that after the plaintiff's negligence in approaching the track had brought him to a situation of actual danger, he might be unable to avoid a collision with the approaching car by the exercise of ordinary care, even if he saw the car and was conscious of its approach all the time; and that the motorman, by an exercise of like care, might have avoided the collision after he discovered that the plaintiff was in such situation. The plaintiff's knowledge of the approach of the car, whether actual or imputed, after he arrived to the situation of danger, might not enable him to escape the impending collision. The fact that the car struck the hind wheel of the cart, showing that the cart had got nearly across the track, does not conclusively prove that the plaintiff could have got across the track ahead of the car if he had been conscious of the car's approach a few seconds earlier. This would depend upon the weight of the cart and its load, the character of the horses, and other circumstances. It might be reasonably found that the plaintiff's negligence was merely the occasion of his being in a dangerous situation, and that the defendants' subsequent negligence was the cause of the collision.

The plaintiff and the defendants' motorman had common and equal rights in the crossing over the railway track from the highway to the house beyond. Laws 1895, *c.* 27, *ss.* 11, 12; *Bly* v. *Railway*, 67 N. H. 474; *Driscoll* v. *Railway*, 159 Mass. 142; *Howe* v. *Railway*, 167 Mass. 46. The law required each to exercise his rights with due regard to the rights of the other, taking into account the nature of his mode of travel and other circumstances bearing on the question. The motorman would not be justified in running his car against the plaintiff's team while in his way in consequence of the plaintiff's negligence, any more than an ordinary traveler upon a highway would be justified in running against another traveler's team negligently guided to a position in front of his team. If the plaintiff began to occupy the crossing, whether in the exercise of due care or negligently, the defendants' servant was bound to exercise ordinary care to avoid colliding with him,— just as the plaintiff would be bound to exercise like care to avoid injuring the defendants if they began to occupy the crossing ahead of the plaintiff, either prudently or negligently.

The case, so far as the questions raised by the defendants' exceptions are concerned, does not differ materially from that which was before the court upon the former transfer (*Little* v. *Railroad, ante, p.* 61); and in accordance with the decision then rendered, the order must be

*Exceptions overruled.*

All concurred.