Merrimack, }
April 8, 1904. }

BATCHELDER v. BOSTON &, MAINE RAILROAD.

The statute which requires a warning whistle to be sounded at grade crossings imposes that duty upon railroad companies for the benefit of highway travelers, and not for the protection of pedestrians upon the tracks.

A person injured by collision with a train while walking upon a railroad track cannot recover therefor on the ground that the servants of the company were guilty of negligence in failing to discover his presence, when it conclusively appears that by the exercise of ordinary care he would have observed the train in time to have escaped injury.

CASE, for personal injuries. Trial by jury. At the close of the plaintiff's evidence a nonsuit was ordered, subject to exception. Transferred from the April term, 1903, of the superior court by *Peaslee*, J.

The evidence tended to prove the following facts: The plaintiff was struck by the defendants' train, while walking on the track between West Andover and Potter Place, at about five o'clock in

the morning of December 6, 1901. The country is sparsely settled, but the railroad track is habitually used for such travel as there is between the two places mentioned. The plaintiff had for some time been accustomed to walk over the track at about the same time in the morning, and knew that a train which ran at a high rate of speed was due at that time. She was in the habit of relying upon the whistle for the West Andover crossing and the roar of the train to warn her of its approach; but on the morning of the accident the whistle was not sounded, and she neither saw nor heard the train until her attention was attracted by the locomotive headlight, when she made an unsuccessful attempt to get off the track. She was about 2,600 feet from West Andover when struck, and could have seen the train when it was 3,900 feet away. She looked for it when she stepped upon the track and two or three times afterward.

*Charles F. Flanders* and *Thomas H. Madigan, Jr.,* for the plaintiff.

*Streeter & Hollis,* for the defendants.

YOUNG, J. The plaintiff cannot complain of the defendants' failure to perform the duties imposed on them by section 6, chapter 159, Public Statutes, for they were imposed on the defendants for the benefit of travelers on the highway and not for the benefit of persons traveling on their right of way. *Hill* v. *Railroad,* 67 N. H. 449; *Casista* v. *Railroad,* 69 N. H. 649; *Smith* v. *Railroad,* 70 N. H. 53, 83; *Gahagan* v. *Railroad,* 70 N. H. 441; *Roden* v. *Railway,* 133 Ill. 72.

When the plaintiff was injured she was either a licensee or a trespasser; that is, she was either rightfully or wrongfully using the defendants' right of way for her private business. Assuming that she was rightfully there (the view most favorable for her), and that the defendants ought to have known of her presence, she cannot recover. It is the duty of every one to use ordinary care to avoid injuring not only those with whom he knows, but also those with whom he ought to know, his business will bring him in contact (*Nashua Iron and Steel Co.* v. *Railroad,* 62 N. H. 159, 161); so upon the foregoing assumption, it was the duty of both the plaintiff and the defendants to use such care to avoid injuring each other. If it might be found from the evidence that the defendants would have discovered the plaintiff in time to prevent the accident if they had used ordinary care, it cannot be found that she would not have seen the train in time to escape injury if she had used the same care. It follows that she cannot recover unless

circumstances exist which make her case an exception to the rule that "a person injured by reason of his want of ordinary care, or (since the law makes no apportionment between actual wrong-doers) by the joint operation of his own and another's negligence, is remediless." *Nashua Iron and Steel Co.* v. *Railroad, supra,* 161. The circumstances which have sometimes been held to create exceptions to this rule are incapacity on the part of the plaintiff, superior knowledge on the part of the defendant, and the intention which governed the action. It will not be necessary to consider the validity of these exceptions, for there is no evidence that the defendants actually knew the plaintiff was on the track before the accident, that their knowledge of the situation and its dangers was in any respect superior to hers, that they intentionally did anything to put her off her guard, or that she was in any way incapacitated for taking care of herself. So the plaintiff's failure to use ordinary care to discover the approach of the train was, in any view of the case, a part of the cause of her injury; for her fault would not cease to be the cause and become merely the occasion of her injury, unless in the series of events that resulted in the accident a wrongful act of the defendants was subsequent in point of causation to her failure to use ordinary care to discover the train. The only complaint she makes is that the defendants failed to use such care to discover her in time to avoid the accident. It is clear that their failure to perform this duty concurred both in point of time and causation with her failure to use the same care to discover the train. There was no time when they could have discovered her in season to avoid injuring her, within which she could not have discovered the train in time to avoid being injured.

*Exception overruled.*

All concurred.