Belknap,    }
Jan. 3, 1905. }

TUCKER, *Adm'r,* v. BOSTON & MAINE RAILROAD.

In an action against a railroad company for causing the death of a highway traveler at a grade crossing, the fact that the locomotive bell was not rung as required by statute warrants a finding of the defendants' negligence.

Evidence that a locomotive bell was not heard by those in a position to hear it warrants a finding that it was not rung, in the absence of any evidence that such warning was given or any explanation of the failure to call witnesses upon that point.

The fact that a person killed at a grade crossing customarily stopped, looked, and listened for trains at that point is competent to prove similar conduct at the time of injury, in the absence of direct evidence as to his behavior on that occasion.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the March term, 1904, of the superior court by *Stone,* J.

The plaintiff's evidence tended to prove the following facts: About five o'clock on the afternoon of January 29, 1903, the plaintiff's intestate, while driving over a grade crossing in Andover, was struck by a southerly bound train and fatally injured. He was riding in a sleigh drawn by a safe horse, and was returning from Franklin to his home in Andover. He was observed when about 150 feet distant from the crossing, and was not again seen until just as the train struck him. The afternoon was quite dark, and the weather was foggy and misty.

The locomotive whistle was duly sounded. There was no evidence that the bell was rung. Two witnesses who heard the whistle testified that they did not hear the bell, although they were in a position to do so if it had been rung. On cross-examination both declined to testify that the bell was not rung. Neither of the witnesses noticed the headlight, and there was no other

evidence concerning it. The train was somewhat late and was running at a high speed, but whether faster than the usual rate did not appear.

One approaching the crossing from the direction of Franklin cannot see the track until he is within about thirty feet of it, at which point a view can be had up the track for thirty or forty rods; and when one is within ten or fifteen feet of the crossing, the track is visible in the direction of Andover for a distance of eighty rods. There is another grade crossing about half a mile nearer Andover than that where the accident occurred. The track is on a descending grade all the way from Andover to Franklin.

The defendants excepted to the denial of their motion for a nonsuit and to the admission of evidence that it was the habit and custom of the deceased to stop, look, and listen for trains when approaching the crossing where the accident occurred, with which he was perfectly familiar.

*Oscar L. Young* and *Shannon & Tilton*, for the plaintiff.

*Jewett & Plummer* and *George W. Stone*, for the defendants.

PARSONS, C. J.　The failure of the defendants to ring the bell upon approaching the crossing, as required by statute, was evidence of a breach of duty owed by them to the deceased, a traveler upon the highway. P. S., c. 159, s. 6; *Batchelder* v. *Railroad*, 72 N. H. 528. Upon the evidence that two persons who were in a position to hear the bell, if rung, did not hear it, and in the absence of any evidence that the bell was rung or of any explanation of the failure to call witnesses upon that point (*Mitchell* v. *Railroad*, 68 N. H. 96, 117), the finding that the bell was not rung cannot be set aside as contrary to reason.

Upon the question of the deceased's care and the exception to the evidence of custom, the case is not distinguishable from *Smith* v. *Railroad*, 70 N. H. 53. The distinction between these cases and *Gahagan* v. *Railroad*, 70 N. H. 441, and *Waldron* v. *Railroad*, 71 N. H. 362, is that in the latter cases the evidence disclosed the conduct of the party injured, as he approached the point of danger; and it conclusively appeared that he went upon the crossing without any effort to ascertain whether a train was coming, and there was no evidence excusing or explaining his conduct. In *Smith* v. *Railroad* and the present case, the conduct of the deceased as he approached the crossing is not disclosed by direct evidence. Upon this question his custom and habit is evidence, and from such

evidence the exercise of care may be found, if it does not conclusively appear that in the particular instance such custom was not observed. *Stone* v. *Railroad*, 72 N. H. 206.

*Exceptions overruled.*

All concurred.