Rockingham, {
June 6, 1905. {

## YEATON, Adm'x, v. BOSTON & MAINE RAILROAD.

The fact that a highway traveler negligently drove upon a grade crossing in front of an approaching train does not as a matter of law preclude a recovery for injuries resulting to him from the collision, when the evidence warrants a finding that the railroad employees could have slackened the speed of the train and averted the accident if they had acted when they knew, or reasonably ought to have known, of the traveler's attempt to cross.

In an action for negligently causing death, the fright or mental suffering of the decedent which preceded his physical injury and is attributable to the defendant's fault may properly be considered in the assessment of damages.

CASE, for negligently running upon the plaintiff's intestate, Robert Yeaton, at a grade crossing in Portsmouth. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1904, of the superior court by *Peaslee*, J.

The evidence tended to show that Yeaton drove toward the crossing without exercising care to ascertain whether a train was approaching until he was within thirty feet of the track. At that point he was traveling at the rate of four miles an hour, and the train, running at a speed of forty miles an hour, was some 300 feet distant. The train occupied the farther one of two tracks which crossed the highway. When a short distance from the crossing, the horse attempted to turn down the track, but Yeaton reined him about and urged him upon the crossing. The train struck the wagon in which Yeaton was riding and killed him instantly. The fireman saw Yeaton from a time when the train was some 800 feet from the crossing until the moment of the collision. There was evidence tending to show that the speed of the train could have been slackened and the collision averted by the application of the brakes at the time when Yeaton attempted to cross the track. There was a conflict of testimony as to when the brakes were applied.

The only ground of negligence in the defendants submitted to the jury was whether, after Yeaton saw the train and began to urge his horse, their servants failed to use all available means to stop the train. The jury were instructed that the trainmen had a right to presume that Yeaton would not attempt to cross the track in front of the train, until it became obvious that he saw the train and urged his horse forward; that Yeaton's carelessness in approaching the track prevented any recovery for the failure of the engineer and fireman to exercise care up to the time they ought to

have known he would attempt to cross; and that the plaintiff could not recover unless a man of ordinary prudence in the same situation would have attempted to cross, and proceeded in crossing, as Yeaton did.

The defendants excepted to the denial of their motions for a nonsuit and direction of a verdict in their favor, to an instruction that the jury might consider the mental suffering of the deceased in assessing damages, to the claim of the plaintiff's counsel in argument that she was entitled to recover for the mental anguish of the deceased as he saw death approaching, and to the following statement by counsel in argument: "When the fireman saw Yeaton and was some 800 feet from the crossing, he ought to have warned the engineer. He did not do so, and from that fact I argue that he never notified the engineer." They also excepted to the refusal of the court to give the following requested instruction: "The deceased, in attempting to cross in advance of the approaching train when he knew the train was coming, was guilty of negligence, and no recovery can be had in this action."

*Samuel W. Emery* and *Ernest L. Guptill*, for the plaintiff.

*Frink, Marvin & Batchelder* and *John W. Kelley*, for the defendants.

PARSONS, C. J. The only position taken in support of the exceptions to the refusal to order a nonsuit or a verdict, or to instruct as requested upon the question of liability, is that Yeaton's attempt to cross the track in advance of the approaching train was negligence which must prevent a recovery in this suit. In the discussion in *Gahagan* v. *Railroad*, 70 N. H. 441, it was said (*p.* 450): "The plaintiff's negligent occupation of the track did not authorize the defendants to run upon and injure him, if by care they could have avoided it. . . . If the engineer knew, or ought to have known, that the plaintiff's negligence would place him upon the crossing when the train reached it, the engineer was equally bound to avoid the collision as if he saw the plaintiff actually on the track." These views were adopted as the basis of the decisions in *Little* v. *Railroad* 72 N. H. 61, 62, and *Parkinson* v. *Railway*, 71 N. H. 28, 32.

The sole ground of negligence in the defendants upon which the case was submitted to the jury was whether the defendants' servants in charge of the train, observing the deceased's proximity to the railroad, did all they ought to have done to prevent the collision, after they knew or ought to have known of his attempt to cross the track. If men of ordinary prudence in the position of the defend-

ants' servants would have known that Yeaton's act would place him upon the crossing at the time the train would reach it unless they did something to check the speed of the train, and could and would have avoided the collision, the failure of the trainmen to act with ordinary prudence was the legal cause of the injury. Upon the only ground of negligence charged against the defendants, Yeaton's conduct in attempting to cross under the circumstances, whether prudent or otherwise, was immaterial. The defendants had no right to kill him for his mistake in judgment, even if the error was one that a prudent man would have avoided. The defendants are equally liable, whether the injury was wilfully or negligently inflicted. *Felch* v. *Railroad*, 66 N. H. 318, 320.

There was evidence that the trainmen could have slackened the speed of the train so as to have prevented the collision if they had acted when they knew, or ought to have known, of Yeaton's attempt to cross before it. Whether they could or ought to have done so, was for the jury. The defendants were not injured by the submission of the question of the plaintiff's care in attempting to cross the track, even if there were no evidence upon which it could be found that a man of ordinary prudence would have made the attempt. The ruling required the jury to find a fact not material to the plaintiff's case, to entitle her to a verdict. The defendants cannot complain of the additional burden placed upon the plaintiff. If the negligence charged against the defendants had been failure to give the warning signals, or to maintain a flagman, or other prior fault, the question of Yeaton's care in attempting to cross would have been material; but as it is not, it is useless to consider whether there was evidence upon which the act could be found careful. When both parties are present, and due care on the part of either at the time would have prevented the injury, the manner in which the dangerous situation was created is immaterial, except as one of the circumstances by which the requisite degree of care is to be determined. A plaintiff who by care cannot escape from the danger his own negligence has created can recover of one who by care could have prevented the injury, even if his inability to protect himself arises from his own prior negligence. *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 164. It could be found that Yeaton did all a prudent man could do after he decided to cross. His inability to protect himself after such decision arises from his mistaken judgment that it was safe or best for him to make the attempt, for there is no evidence or suggestion that he intended to commit suicide. If his mistaken judgment was due to failure to carefully observe or weigh the evidence presented by the situation and was negligence, such conclusion rendered him unable to protect himself precisely as if he had been

unable from any other reason to exercise the judgment of a prudent man. The defendants, knowing the situation, were required to exercise such care as prudent men in their situation, with the knowledge they had, would exercise. *Edgerly* v. *Railroad*, 67 N. H. 312; *Wheeler* v. *Railway*, 70 N. H. 607; *Batchelder* v. *Railroad*, 72 N. H. 528, 530. If their exercise of such care would have prevented the injury, their failure to so act is its sole legal cause.

Whether the expression, "the mental and physical pain suffered by him in consequence of the injury," as one of the elements proper for consideration in assessing the damages in an action where death results from the injury complained of (P. S., c. 191, s. 12), refers merely to mental pain resulting from the physical injury is not important. The items of damage mentioned are not exclusive, but additional, and are to be considered "in connection with other elements allowed by law." It is not contended that mental pain preceding a physical injury, when caused by a wrongful act or neglect which results in such physical injury, is not an element of damage allowed by law. The section is a redraft of the provision as to damages found in section 1, chapter 71, Laws 1887, without intent to change the meaning. Comm'rs' Rep. P. S., pp. iii, 615. When the commissioners used the word "injury" in place of "wrongful act or neglect" found in the earlier statute, if they did not understand the terms were identical, the addition of the general clause quoted establishes that no change in meaning was intended or made. The deceased by his own carelessness found himself in a dangerous position near the track; either prudently or carelessly he attempted to cross in front of the train. He cannot recover for fright due to his own acts, whether careless or prudent. Recovery can be had only for injury resulting from the negligence charged against the defendants—the failure to slacken the speed of the train. If such negligence caused him any fright or mental suffering preceding the injury, such mental pain was properly considered on the question of damages. It appears to be conceded that there was evidence of mental pain preceding the injury. If the instructions as applied to the facts did not confine the attention of the jury to mental suffering chargeable to the defendants' fault, they might properly have been more definite in this respect. If the instructions were not as definite as they might have been, there was no request to make them more definite. The general objection that there could be no recovery for mental pain preceding the physical injury cannot be sustained. This conclusion disposes of the exception to the argument of counsel upon this point.

The only remaining exception relied upon in the defendants'

brief is to the statement made in argument by counsel, that when the fireman saw Yeaton, and was some 800 feet from the crossing, he ought to have warned the engineer; that he did not do so, and the argument from that fact that the fireman never notified the engineer. This suggestion did not misstate the evidence. There was evidence that the fireman saw Yeaton at least that distance from the crossing. What he ought to have done under the circumstances was an inference of fact to be found by the jury, as to which counsel could urge upon their attention his view as to the finding which should be made. The conduct of the fireman in one part of the transaction may have had some tendency to show what it was in another part. Whether the suggested inference should be drawn was for the jury.

Other exceptions reported have not been argued and are understood to be waived. They do not appear to present any question which requires consideration.

*Exceptions overruled.*

All concurred.