Carroll, }
Nov. 2, 1909. }

## GIBSON, *Adm'r*, v. MAINE CENTRAL RAILROAD.

Where a highway traveler is killed by a train which approached a grade
crossing without the customary warning, the fact that he was familiar with
the usual method of managing trains in that locality does not warrant a
finding that he acted with due care and in reliance upon the ordinary sig-
nals, in the absence of evidence of his habitual prudence in similar
situations.

A railroad company is not liable for injury to a highway traveler on the
ground of negligent failure to discover his presence in a situation of danger,
if it conclusively appears that he might have escaped by the exercise of
ordinary care, at a time when it was too late for the trainmen to avert a
collision.

CASE, for personal injuries resulting in the death of Horace E.
Cheney, the plaintiff's intestate. Trial by jury and verdict for the
plaintiff. Transferred from the June term, 1908, of the superior
court by *Chamberlin*, J., on the defendants' exceptions to the denial
of their motions for a nonsuit and the direction of a verdict in
their favor.

The accident occurred at a railroad crossing on Kearsarge street
in the village of North Conway. Cheney rode upon the crossing
on a bicycle without observing an approaching train and was not
seen by the trainmen. Other facts appear in the opinion.

*Walter D. H. Hill* and *John B. Nash* (*Mr. Hill* orally), for the
plaintiff.

*Drew, Jordan, Shurtleff & Morris* (*Mr. Morris* orally), for the
defendants.

PEASLEE, J. It is conceded that there was evidence of the
defendants' negligence, and the first question raised by the defend-
ants' exception to the denial of their motion for a verdict is whether
there was evidence from which it could be found that the deceased
was in the exercise of due care. He was a boy fifteen years of
age and had lived for some time in the vicinity of the crossing
where he was injured. He had often passed over it, and was
acquainted with the method of managing trains and giving signals
in that locality. He was riding a bicycle and was approaching the
crossing at about ten miles an hour. The train was an extra, run-
ning twenty miles an hour, and upon no regular schedule. There
was evidence that the deceased went upon the crossing without

knowledge of the approach of the train, and that the customary signals were not given. From this it is argued that, applying the rule of *Smith* v. *Railroad*, 70 N. H. 53, it could be found that the deceased relied upon the signals, and so was careful when he went upon the track. But an essential element in the Smith case is lacking here. In that case there was evidence that the deceased was a person of habitual prudence; and it was from this habit, as a basis of probable conduct, that it was inferred that he came onto the crossing in a prudent way, *i. e.*, relying upon the signals. In this case the only evidence of the boy's care is in the following testimony.

(Cross-examination of Owen Alley.)

Q. " Was this boy in the habit of riding as other boys do, just as fast as they can, holding their heads down ? "  A. " No, sir ; he rode ordinarily and with usual caution, I think."

Q. " And he seemed to have his wheel under control all the time when you have seen him riding ? "  A. " To the best of my observation, I should say so."

(Cross-examination of Mrs. Hattie E. Cheney, the boy's mother.)

Q. "How long had this boy been riding a wheel ? "  A. " Two years."

Q. " Two years prior to this injury ; and he was a pretty good rider was he not ?  Could he control his wheel ? "  A. " He was a very careful rider."

Q. " And  seemed  to  have  good  control  of  the  bicycle ? "  A. " Yes, sir."

Q. " As to his acquaintance with the railroad crossings and so forth ? "  A. " Very familiar."

(Direct examination of Eben A. Hanson, flagman at Kearsarge street.)

Q. " Have you had occasion to watch him as he was riding his bicycle ? "  A. " Yes, I have."

Q. " Have you noticed him as he was riding his bicycle over Kearsarge-street crossing as trains were approaching ? "  A. " Well, yes ; I have."

Q. " Whether you,—have you ever spoken to Horace E. Cheney and cautioned him about riding his bicycle over the crossing ahead of trains ? "  A. " Yes, I have ; I have cautioned him."

(Cross-examination of Ray W. Purt.)

Q. " Was he a careful boy ? "    A. " Well, as much as I have seen of him, he was."

The witness also testified to riding considerably with the Cheney boy.

The evidence of Hanson led to the inference that in his opinion the Cheney boy had a habit of carelessness at crossings; otherwise he would not have cautioned him.    The evidence of Alley and Mrs. Cheney is directed to his ability to manage a wheel.    The fact that he was familiar with the crossings, testified to by his mother, does not prove he was careful at them.    The evidence of Purt that he was a careful boy, as much as he had seen of him, fails to authorize an inference of a " uniform habit" (*Smith* v. *Railroad*, 70 N. H. 53, 82) of care at railroad crossings.

As there was not sufficient evidence of a careful habit, there was nothing from which it could be inferred that the deceased was careful.    Upon that issue the defendant was entitled to a directed verdict.    *Gahagan* v. *Railroad*, 70 N. H. 441;  *Waldron* v. *Railroad*, 71 N. H. 362.    The case is one " where there was active participation by the deceased in bringing about the dangerous situation, and the duty rested upon him, as well as upon the defendant, of actively and vigilantly exercising ordinary care under the circumstances "; and " the absence of all evidence of what he did at the time cannot be supplied by conjecture, or by a theory which is as liable to be false as true."    *Wright* v. *Railroad*, 74 N. H. 128, 133.

But this does not dispose of the case, for the question whether the defendants could have prevented the accident after they knew or ought to have known of the plaintiff's dangerous situation was also submitted to the jury.    This question was submitted upon the assumption that the plaintiff's conduct in going upon the crossing might be found to be negligent.    The inquiry, therefore, on this branch of the case is whether there was evidence to warrant a recovery, notwithstanding the fault of the deceased concurred with that of the defendants to produce the injury.    The law governing situations of this kind has been applied in cases calling for nice distinctions.    *Gahagan* v. *Railroad*, 70 N. H. 441;  *Parkinson* v. *Railway*, 71 N. H. 28 ;  *Shannon* v. *Railroad*, 71 N. H. 286 ;  *Little* v. *Railroad*, 72 N. H. 61 ;  *S. C.*, 72 N. H. 502;  *Yeaton* v. *Railroad*, 73 N. H. 285.    There is no occasion to re-examine them here.    In no view of the law was the plaintiff, upon the evidence in this case, entitled to go to the jury on a theory of negligence of the defendants later either in point of time or causation than that of the deceased.    It appeared that when the fireman was 190 feet from the point of collision he could have seen the deceased when he was

ninety-five feet from that point; that the deceased could have avoided being injured by stopping or turning aside when he was ten feet or more from the crossing; and that the train could be stopped in 100 feet. From this evidence it could be found that either could have avoided the collision by stopping up to the time the train was within 100 feet of the place of the accident; that after that time the deceased could, and the defendants could not, have avoided it up to the time he was within ten feet of that point; and that from then on neither could have avoided it. On this issue the case falls within the rule laid down in *Batchelder* v. *Railroad*, 72 N. H. 528: "If it might be found from the evidence that the defendants would have discovered the plaintiff in time to prevent the accident if they had used ordinary care, it cannot be found that she would not have seen the train in time to escape injury if she had used the same care." The case on this issue is plainly outside the region of doubt or controversy. It is useless to elaborate the concise statement of the law found in the case last cited. "The only complaint she makes is that the defendants failed to use such care to discover her in time to avoid the accident. It is clear that their failure to perform this duty concurred both in point of time and causation with her failure to use the same care to discover the train. There was no time when they could have discovered her in season to avoid injuring her, within which she could not have discovered the train in time to avoid being injured." *Ib.* 530.

*Judgment for the defendants.*

All concurred.