Grafton,
June 27, 1913.

JEDDIE P. GREENWOOD, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

In an action for negligently causing death, no inference of the decedent's care can be drawn from the instinct of self-preservation.
Evidence to the general effect that the victim of an accident was a person of ordinary prudence is not sufficient to support a finding of his habitual care in a particular situation.

CASE, for negligently causing the death of the plaintiff's intestate, Adolphus Greenwood. Trial by jury. Transferred from the September term, 1912, of the superior court by *Mitchell*, J., on the plaintiff's exception to an order of nonsuit.

*Owen & Veazey* and *Charles B. Hibbard* (*Mr. Hibbard* orally), for the plaintiff.

*Stephen S. Jewett, Charles H. Hosford*, and *Ira W. Thayer* (*Mr. Jewett* orally), for the defendant.

PEASLEE, J. The plaintiff's evidence tends to show that Greenwood was struck by moving freight cars while he was at work in the defendant's employ clearing snow from a switch. He was aware that the cars were near him and likely to be moved, and had been told to look out for them. He was a man of considerable experience in this work and familiar with the locality. No one saw the accident, and there was no testimony as to how it happened. There was evidence that the weather was cold, windy, and somewhat stormy, and that fresh snow upon the track made the cars run with less noise than when the track was clear.

His failure to obey the injunction to look out for the cars had a part in causing the accident, and the question here is whether there is any evidence upon which to base a finding that while so acting, or failing to act, he was in the exercise of ordinary care. Various theories are suggested as to why he did not get out of the way; but no one of them is more probable than another, unless the weight of a presumption of careful conduct is added to the theories which are in the plaintiff's favor. It is urged that an inference of care on Greenwood's part should be drawn because of the absence of motive to be careless, and from evidence that he was a careful man. It is

now settled in this jurisdiction that no inference of the decedent's care can be drawn from the instinct of self-preservation.   *Wright* v. *Railroad*, 74 N. H. 128.

The evidence upon the question of Greenwood's habit was that one witness "never see but what he was careful about his work—always attended to his work," and never saw him do anything that attracted the witness' attention as being careless.   Another witness testified that he did not know whether Greenwood was a care-ful or careless man, and that from what the witness knew he would consider Greenwood careful.   The substance of this evidence is that Greenwood was an ordinary man.   It does not go beyond that, or show any fixed habit, or give rise to any legitimate inference of care where it would not be drawn as to any man whose personal characteristics were unknown.   Such general testimony is not sufficient to support a finding of a habit of care in a particular situation.   *Gibson* v. *Railroad*, 75 N. H. 342.   The rule here is that it is "competent to show that the party charged with negligence had performed or omitted the same act in the same way before, as tending to show that he did or omitted the act at the time in question, on the ground that a person is more likely to do a thing in a particular way, as he is in the habit of doing or not doing it."   *Parkinson* v. *Railroad*, 61 N. H. 416, 417, and cases cited.   The distinction is that between habit and character.   Evidence of habit, as to involuntary acts, is admissible, while as a general rule evidence of character is not.   *State* v. *Railroad*, 52 N. H. 528, 549, 550.   The doctrine that general character for care or negligence should be admitted "is maintained in a few jurisdictions only, and has been expressly repudiated in many."   1 Wig. Ev., *s.* 65, and authorities there reviewed.

Without the presumption of care in the particular instance, the plaintiff's case as to his decedent's conduct fails.   The nonsuit was properly ordered.

*Exception overruled.*

All concurred.