Grafton,
May 5, 1914.

MICHAEL CONNELLY, *Adm'r*, *v.* CENTRAL VERMONT RAILWAY.

Evidence of habitual care on the part of an experienced section hand, who was killed by a locomotive while walking between the tracks in a railroad yard, is not sufficient to warrant a finding of his care on the occasion of his injury, when it appears that he was entirely familiar with the locality and its dangers, and the facts disclosed conclusively show that if he had exercised ordinary prudence he would have seen the approaching locomotive in time to avoid injury.

CASE, for negligently causing the death of William W. Merchant, the plaintiff's intestate.  Trial by jury and verdict for the plaintiff.  Transferred from the October term, 1913, of the superior court by *Peaslee*, J., on the defendant's exception to the denial of a motion for a nonsuit.

*Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Harry B. Amey* (of Vermont) and *Streeter, Demond, Woodworth & Sulloway* (*Mr. Woodworth* orally), for the defendant.

WALKER, J.   The deceased was killed by being run over by one of the defendant's locomotives which was backing on one of the tracks from West Lebanon in this state, across the bridge to White River Junction in Vermont.  He was traveling toward the latter place in performance of his duty as a section hand, for the purpose of clearing the switches of snow and salting them.  The accident occurred in Vermont, but it was agreed that the law applicable to the case is the same in both states.   No one saw the accident, but from the

attendant circumstances it may be assumed, in accordance with the plaintiff's contention, that the deceased was walking in the space between two tracks, which was some seven feet wide, but so near the track upon which the engine was backing that it hit him. In other words, he was within the zone of danger, and there is no evidence that he did not appreciate his position in that respect. He had worked in this yard for many years, was familiar with the tracks and the amount of switching that was done at that point, and must have known that moving engines were liable to be near where he was at any time. The engine that overtook him was moving slowly; it was upon a straight track, and although it was snowing and the wind was blowing, it is hardly conceivable that, if he had been in the exercise of reasonable care under the circumstances, he would not have seen the approaching engine in time to step aside and protect himself from injury. It does not appear that if he had looked he could not have seen the engine in ample time to avoid a collision. The reason for his inattention to what was occurring near him "is upon the facts in evidence pure speculation." *Chabott* v. *Railway, ante*, 133, 137.

There was evidence that he was a careful man in looking out for engines while he was at work in the yard. Whether or not this evidence was admissible to prove that he exercised the required degree of care at the time of the accident need not be considered; for if it was admissible for that purpose, its effect is overcome by the fact that if he had been looking out for his safety, he would not have been struck by the engine. *Tucker* v. *Railroad*, 73 N. H. 132. To say it was his habit to keep an outlook for engines when at work in the yard does not prove that in this particular instance he was watching for the engine that overtook him. The facts disclosed by the case show conclusively that he was not watching for the approach of the engines that he knew were liable to be in close proximity to where he was, but that for some unexplainable reason his attention was diverted from the danger of his situation. The suggestion that several inches of snow had fallen which had partly covered the rails, and that he may have been induced thereby to think he was outside the line of danger, is a speculative theory merely, which is as likely to be false as true upon the evidence. It is insufficient to base a verdict upon. The case, so far as it discloses the manner of his death, demonstrates that he was guilty of contributory negligence, and that on this particular occasion he was not exercising the care of the ordinary man. If the engineer was

negligent in not seeing him in a place of danger, he was also negligent in not seeing the approaching engine. Therefore the plaintiff is not entitled to recover, and the motion for a nonsuit should have been granted. *Batchelder* v. *Railroad*, 72 N. H. 528; *Gibson* v. *Railroad*, 75 N. H. 342; *Greenwood* v. *Railroad*, *ante*, 101; *Chabott* v. *Railway*, *supra*.

*Exception sustained: verdict for the defendant.*

PEASLEE, J., did not sit: the others concurred.