## NEW YORK SUPERIOR COURT.

### James W. Culver and others agt. David W. Felt.

Where in the first judicial district a cause is noticed for trial for a particular term, it must be *put upon the calendar for that term,* otherwise the party cannot take a regular default at a subsequent term upon that notice.

*Special Term, April,* 1866.

This action being at issue, was noticed by the plaintiffs for trial at the October term of this court, in 1865. A note of the issue was not filed with the clerk, or the cause placed upon the calendar for trial until the March term, in 1866. The action having been reached and regularly called at the March term, and the defendant not appearing, an inquest was taken.

J. W. Culver, *in person.*
E. M. Felt, *for defendant.*

By the court, Monell, J. At least fourteen days before the court, either party may give notice of trial (*Code,* § 256). The party giving the notice shall furnish the clerk, at least eight days before the court, with a note of issue, and the clerk shall thereupon enter the cause upon the calendar (*Id*).

From these provisions it is plainly inferable that a note of the issue must be furnished for the term of the court for which the trial of the cause is noticed. The trial must be noticed for a specified term of the court, and eight days before such term the note of the issue must be furnished to the clerk. A cause not upon the calendar cannot be moved on for trial, and a party not finding the cause on the calendar of the term for which he had received notice of trial, is not bound to examine, from term to term, thereafter, to ascertain if the cause is in a condition to be called up for trial. Formerly a notice of trial and a note of issue

were both required for each term of the court; the alteration in that respect in the first judicial district merely requires one notice and one note of issue, but does not relieve parties from the necessity of placing their causes upon the calendar for the same term for which the trials are noticed. To adopt any other practice would place it in the power of a party to defer putting the cause upon the calendar until such time as it was likely to be reached, and to compel his adversary, at the peril of being defaulted, to examine daily the calendars of the courts.

In the case before me, the defendant's attorney swears that he examined the calendar in the January term, and not finding the cause, gave it no further attention. I think he was not bound to examine afterwards; and without a new notice, and a corresponding placing of the cause upon the calendar, the action could not regularly be tried.

The inquest, therefore, in this case was irregular, and must be set aside, but as the practice pursued by the plaintiffs has, to some extent prevailed in this district, it is set aside without costs, and the cause must be restored to the calendar, upon the defendant's waiving notice of trial for the present term.