STATE v. PRESCOTT.

An allegation in an indictment that the defendant did "keep for sale one pint of cider," is equivalent to an allegation that he kept one pint of cider with intent to sell the same.

Under the statutory provision (G. L., c. 109, s. 16) that the delivery of cider in a less quantity than ten gallons, in some cases, "shall be deemed *prima facie* evidence of sale," the delivery is not an indictable offence.

INDICTMENT, charging that the defendant did "keep for sale one pint of cider, to wit, a less quantity than ten gallons, and not to be sold by the manufacturer at the press, and not in an unfermented state." The defendant moved that the indictment be quashed, because it does .not charge that the cider alleged to be kept for sale by him was for sale in a less quantity than ten gallons, and because no crime or offence is fully and plainly, substantially and formally, described to him therein. The motion was overruled, and the defendant excepted.

After the jury had been out several hours, they sent to the court the following written question : " Did the defendant violate the law by selling ten gallons cider and dividing the same on the premises into smaller quantities, and sampled on the premises, also paid for individually ? " The court sent the following written reply : " 'The delivery of cider . . in a less quantity than ten gallons, in or from . . any dwelling-house or dependence thereof, or from any barrel, jug, bottle, or other vessel containing the same . . shall be deemed *prima facie* evidence of sale,' and is a violation of law." When this question was sent and answer returned, the court was not in session. Neither the defendant nor his counsel had any knowledge of it till the next morning, shortly before the jury came in and rendered the verdict. It was then excepted to.

The state had introduced evidence of a sale to one Murray, for the purpose of showing the intent with which the defendant kept cider, and the defendant had testified with regard to the same transaction, that Murray had talked with him about buying ten gallons of cider, and had drunk some to sample it, but had not taken away any except what he had so drunk, and had not paid for it. There was also evidence that the defendant had at one time sold ten gallons of cider to a number of persons jointly, and had allowed them to take it away in pails each holding less than ten gallons, and that they had contributed to make up the price.

The jury returned a verdict of guilty.

*E. A. & C. B. Hibbard*, for the defendant.

*William B. Fellows*, solicitor, for the state.

SMITH, J. The allegation that the defendant did "keep for sale one pint of cider," is equivalent to an allegation that he kept one pint of cider with intent to sell the same, and it was unnecessary to allege further the intent. It is not necessary, in order to sustain an indictment, to allege or prove that the defendant kept as much as, or more than, ten gallons, with intent to sell the same in quantities less than that amount. It would not be a reasonable construction of the allegation of keeping for sale one pint of cider, to hold, as. argued, that the defendant was "going to procure

more cider and make sales only in quantities of as much as ten gallons." No distinction is perceived between keeping one pint of cider for sale, and keeping cider for sale in less quantities than ten gallons; or between an illegal keeping for sale, and a keeping for illegal sale.

In reply to the jury's written request, the court instructed them that the delivery of cider in a less quantity than ten gallons is "*prima facie* evidence of sale, and is a violation of law." The indictment charges, not an illegal sale, but the illegal keeping for sale; and evidence of sales was received for the purpose of showing the intent with which the cider was kept. The inquiry by the jury evidently related to the defendant's colorable transactions, whereby he sold ten gallons of cider to a number of persons jointly, and allowed them to take it away in pails each holding less than ten gallons, the purchasers contributing to make up the price. Their inquiry was relevant to the case on trial so far as sales tended to show intent, and in any other view of the case was immaterial.

By the statute, delivery of cider in a less quantity than ten gallons "shall be deemed *prima facie* evidence of sale." G. L., c. 109, s. 16. In an indictment for selling, evidence of delivery unexplained would warrant a jury in finding the respondent guilty. The statute does not declare that the mere fact of delivery shall be deemed a sale, but *prima facie* evidence of a sale. It was error, therefore, to charge that delivery is a violation of law. The criminal offence in this case would be, not the delivery, but the keeping with intent to sell in less quantities than ten gallons.

*Verdict set aside.*

BLODGETT, J., did not sit: the others concurred.