Rockingham, }
  June, 1894. }

                    RIZZOLI v. KELLEY & a.

It is no ground for setting aside a verdict that the jury were given further
  instructions in the absence of parties and counsel.

CASE, for personal injuries. Trial by jury. Verdict for the
defendants. The plaintiff moved to set aside the verdict, and
also that a new trial be granted, because, upon the request of
the jury for further instructions, they were brought into court
and so instructed in the absence of the plaintiff and his counsel.
The motions were denied, and the plaintiff excepted.

*Thomas Leavitt* and *Frink & Batchelder*, for the plaintiff.

*Calvin Page*, for the defendants.

SMITH, J. The jury, by their own request, were brought into
court and given further instructions, in the absence of the plain-
tiff and his counsel. It is not stated what the instructions were,
and there was no request for such statement. There is no com-
plaint that they were not correct or applicable, but a suggestion
merely that they may not have been. It was the plaintiff's right
to have them stated if he wished it; and in the absence of such
statement it must be presumed they were correct and such as the
facts of the case called for.

The additional instructions were given in open court. That
this may properly be done is not an open question in this state
(*Ahearn* v. *Mann*, 60 N. H. 472, 476), and in other jurisdictions.
*Kullberg* v. *O'Donnell*, 158 Mass. 405; *Chapman* v. *C. & N. W.
Railway Co.*, 26 Wis. 295. It is also matter of familiar practice
in this state that written instructions may be sent to the jury
without notice to counsel when the court is not in session, to be
returned and filed with the verdict. *Shapley* v. *White*, 6 N. H.
172; *School District* v. *Bragdon*, 23 N. H. 507, 517; *Bassett* v.
*Salisbury Co.*, 28 N. H. 438; *Allen* v. *Aldrich*, 29 N. H. 63; *State*
v. *Prescott*, 67 N. H. 203.

It is the duty of parties or their counsel to be present while
the court is open until the trial is concluded. *Kullberg* v. *O'Don-
nell, supra; Chapman* v. *C. & N. W. Railway Co., supra.* The
fact that the plaintiff and his counsel absented themselves while
the jury were deliberating upon their verdict, did not deprive
the judge of his right and duty to give such further instructions
as would aid the jury in arriving at a correct verdict. To hold
otherwise would put it in the power of a party or his counsel, by
absenting himself, to obstruct the business of the court, and

would increase the risk of a verdict founded on an imperfect understanding of the principles of law applicable to the case.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.