A. T. STUBBS, PLAINTIFF IN ERROR, VS. THE FRANKLIN
    COUNTY LUMBER COMPANY, A CORPORATION UN-
    DER THE LAWS OF THE STATE OF FLORIDA, DEFEN-
    DANT IN ERROR.

The authority conferred by Section 1035, Rev. Stats., upon Clerks
    of the Circuit Courts to enter final judgments upon defaults,
    confines them to the entry of such final judgments in suits for
    money founded upon contract, written or verbal, and such clerks
    have no power to enter judgment upon a declaration or a count
    in a declaration in tort.

Writ of Error in the Circuit Court for Franklin
County.

The facts in the case are stated in the opinion of the
Court.

*Fred T. Myers*, for Plaintiff in Error.

No appearance for Defendant in Error.

PER CURIAM:

Defendant in error sued plaintiff in error in the
Circuit Court of Franklin county, alleging in a special
count in the declaration that plaintiff had agreed to load
the schooner Carrie A. Buckman with lumber which de-
fendant as master of the vessel agreed to receive on
board in the port of Apalachicola, and that while plain-
tiff was conveying to the vessel the lumber defendant by
his carelessness, negligence and want of attention so
conducted himself that he lost a large amount of plain-
tiff's lumber, and thus wrongfully deprived him of the

use and possession of his goods, amounting to a large sum of money as set forth in the bill of particulars. There were also counts in the declaration for work and material and for work and labor.   The items of the bill of particulars are, "$10 for two trips of steamer C. L. Kennedy to tow Carrie A. Buckman to cove; $829.72 for a raft of 63,825 feet of lumber at $13.00 per M.,   that went adrift from bark Indian and which was to be delivered to the schooner Carrie A. Buckman as soon as she was in the cove; $44.85 cost of recovering 36,112 feet of above lumber, and $30.00 for towing a spar to and from vessel.   Credit, the sum of $469.46 is allowed for the value of 36,112 feet of the above lumber that went adrift from the bark Indian, and which was recovered by the plaintiff valued at $13.00 per M., leaving a net balance in plaintiff's favor $538.11."   Default was entered for want of appearance in April, 1895, and final judgment was thereafter entered by the clerk for $538.11 principal and $10.76 interest, besides cost of suit.

The proof upon which the final judgment was entered consists of an affidavit made by the president of the plaintiff corporation to the effect that the sum of $538.11 is due by the defendant to the plaintiff upon an account stated herein filed, and that said sum   is still due and owing, no part having been paid, and there are no offsets or deductions except such as are therein allowed and credited.

The defendant below sued out a writ of error to reverse this judgment, and one of the errors assigned is that the clerk had no jurisdiction to enter the judgment on the declaration and the proof submitted.   The court is of opinion that this assignment of error is well taken. The special count of the declaration is not upon a cause of action growing out of contract, and the second item

in the bill of particulars for $829.72 less $469.46 credited thereon for lumber that went adrift, is not applicable to either of the common counts, but only to the special count. The other items in the bill of particulars that may be regarded as sustained by the proof submitted, and which may have been recovered or adjudged under the common counts, do not amount to as much as the judgment rendered. It is clear, therefore, that the judgment entered included the item embraced in the bill of particulars which we have shown was applicable only to the special count. Under the authority conferred upon Circuit Court clerks to enter final judgment upon defaults by section 1035 Revised Statutes, they are confined to the entry of such final judgments in suits for money founded upon contract written or verbal, and have no authority to enter such judgment upon causes of action such as declared upon in the special count of this declaration. The final judgment is, therefore, erroneous and must be reversed, but what we here decide in no manner affects the validity of the default entered.

The judgment is reversed and the cause remanded for further proceedings comformable to law.