Merrimack, }
Sept. 5, 1901. }

PARKINSON v. CONCORD STREET RAILWAY.

The rule that a verdict will not be set aside because instructions otherwise correct are not sufficiently specific, when no request for a more definite statement has been made, does not apply to a written instruction communicated to the jury after their retirement, in the absence and without the knowledge of counsel.

An objection after verdict, that the instruction so given was not sufficiently specific, is to be treated as an exception taken to the denial of a request for a more definite statement of a proposition of law applicable to the evidence and pertinent to the questions at issue.

It is sufficient cause for setting aside a verdict for the defendant in an action for negligence, that the jury probably understood, from the language of an instruction communicated to them without the knowledge of counsel, that negligence of the plaintiff in creating a dangerous situation precluded a recovery, without regard to the subsequent conduct of the parties.

CASE, for personal injuries. Trial by jury and verdict for the defendants. Transferred from the October term, 1900, of the supreme court by Blodgett, C. J.

The plaintiff was traveling with a horse and wagon in the highway in which the defendants' electric road runs. While crossing the defendants' track to reach a public watering-trough, he was struck by the defendants' car, thrown from his wagon, and injured. The plaintiff claimed that the accident was caused by the carelessness of the motorman in not seasonably stopping the car upon discovering the plaintiff upon the track, while the defendants claimed that the accident was due to the plaintiff's negligence in going upon the track without taking any precautions to learn if a car was approaching. Each party claimed to be free from fault. Evidence was offered in support of these conflicting claims.

In the course of his charge to the jury, the court, in speaking of the defendants' duty, said : " They are bound to give the traveler due warning of the approach of their cars, so that he may not be injured, and to use every practical exertion to stop the car if the traveler is unavoidably or negligently on the track or in the way. So here, if there was reasonable cause to apprehend that the team would come upon the track in front of the car, either unavoidably or through the plaintiff's negligence, it was the duty of the defendants' motorman to use all reasonable and practicable exertions to stop the car, and thus avoid injury to the plaintiff."

After the retirement of the jury for the consideration of the case, and after adjournment for the day, the jury sent to the pre-

siding justice a written question, as follows: " Did we understand you to say, that if the plaintiff was not using due care he could recover no damage, without regard to whether the motorman was, or was not using due care? " To this question the presiding justice replied as follows: " If the plaintiff was not using due care, and his want of it was the cause of, or directly contributed to, the injury, he cannot recover, even if the motorman was also in fault."

This question was propounded, and the answer thereto given by the presiding justice, without the knowledge of counsel upon either side. It came to the knowledge of the plaintiff's counsel for the first time about three weeks after the case was submitted to the jury and the verdict rendered. Immediately upon being informed of the question and answer, the plaintiff's counsel noti-- fied the presiding justice that the plaintiff excepted thereto (1) because it was made in the absence and without the knowledge of the plaintiff or his counsel, and (2) because, upon the evidence in the case, the reply was erroneous, in that it did not fully and therefore accurately state the rule or rules of law applicable to the evidence before the jury.

*Thomas H. Madigan, Jr.*, and *Mitchell & Foster*, for the plaintiff.

*Albin & Shurtleff*, for the defendants. The plaintiff's exception is two-fold: (1) because the court received the question and answered it in the absence and without the knowledge of the plaintiff or his counsel; (2) because the court did not extend his answer by adding the following words : unless the motorman, after he saw the plaintiff on the track and discovered his danger, could, by the exercise of reasonable care, have stopped the car and prevented the injury.

The first contention has no foundation. It has been repeatedly held in this state that " the court may communicate with the jury after its adjournment, upon their request, so far as to give them instruction upon matters of law, although the counsel of the parties are not present." *School District* v. *Bragdon*, 23 N. H. 507, 517 ; *Allen* v. *Aldrich*, 29 N. H. 63, 74 ; *Ahearn* v. *Mann*, 60 N. H. 472.

As to the second contention, the plaintiff admits by his form of exception that the answer of the court was correct and satisfactory as far as it went. The response of the presiding justice was not only correct, but fully answered the question of the jury. As the case shows, the court in the charge to the jury had twice called their attention to the duty of the motorman to stop his car, if possible, after the intention of the plaintiff to drive in front of the car became apparent. It is fair to assume that the jury did not

desire further information in regard to the duty of the motorman
as to stopping his car, for they had already been twice instructed
upon that point.   What they desired was further information as
to the plaintiff's duty, and for this purpose asked the question.
The answer of the court was correct.   " The not uncommon state-
ment that the plaintiff cannot recover if his negligence contrib-
utes in any degree to cause the injury, is strictly correct."   *Nashua
Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 162 ; *Murch* v. *Rail-
road*, 29 N. H. 9 ; *Butterfield* v. *Forrester*, 11 East 60.   It must
be presumed that the jury were men of ordinary intelligence, and
understood just what they wanted to know.   A careful reading of
the question shows this.   The presiding justice fully and accu-
rately answered the precise question.

The additional instruction contended for by the plaintiff was
necessarily involved in the answer as given.   One proposition
negatives the other.   The jury, in order to find that the plaintiff's
negligence was the cause of or directly contributed to the injury,
must have found that the motorman, after he saw the plaintiff on
the track and discovered his danger, could not, by the exercise of
reasonable care, have stopped the car and prevented the accident.
The rule of law strenuously maintained by the plaintiff is equiv-
alent to the following absurd proposition : If the plaintiff was
not using due care, and the want of it was the cause of or directly
contributed to the injury, he cannot recover unless his want of it
was not the cause of or did not directly contribute to the injury ;
in other words, unless the negligence of the defendant was the
cause of the accident.

The presiding justice gave the instructions in his own language
and in his own way.   His charge and answer fully and correctly
cover all that the plaintiff now asks for. . " Where the instructions
given to the jury embrace substantially those asked for by the
party, although in different language, the refusal to give the in-
structions requested in the precise language suggested, although
they may have been proper, is no sufficient cause for setting aside
the verdict.   The precise words used are immaterial, unless cal-
culated to mislead the jury, and the court is entitled to select its
own phraseology."   *Tucker* v. *Peaslee*, 36 N. H. 167, 178 ; *Walcott*
v. *Keith*, 22 N. H. 196 ; *Wendell* v. *Moulton*, 26 N. H. 41 ; *Clark*
v. *Wood*, 34 N. H. 447 ; *Cooper* v. *Railway*, 49 N. H. 212 ; *Gordon*
v. *Railroad*, 58 N. H. 398.   In order to set aside a verdict for
error in the charge of the court, the error " must be of such a char-
acter as to afford a probable presumption that the jury may have
been led by it to return a wrong verdict."   *March* v. *Railroad*, 19
N. H. 372, 377.

PARSONS, J.   The written instruction given the jury in answer to their inquiry is, as a legal proposition, unexceptionable.   To what was said no exception is, or can be successfully, taken.   The objection claimed is that this instruction did not state the rules of law applicable to the evidence with sufficient fullness to preserve the plaintiff's rights,— in short, that the instruction was not sufficiently specific.

The general rule is that where the instructions actually given are correct a verdict will not be set aside because they are not as specific as they might properly have been, when no request has been made for more definite instructions.   *First Nat'l Bank of Gonic* v. *Ferguson*, 58 N. H. 403, 404 ; *Barter* v. *Wheeler*, 49 N. H. 9, 22.   The reason of the rule is that a party " should not lie by until after the trial, and then take the exception when it is too late to supply the omission."   *Moore* v. *Ross*, 11 N. H. 547, 557 ; *Matthews* v. *Clough*, 70 N. H. 600.

Hence, if this instruction had been given with the knowledge of counsel, or perhaps had been given in open court in their absence (*Rizzoli* v. *Kelley*, 68 N. H. 3), the absence of any request for more specific instructions would render the general exception unavailing.   But counsel had no knowledge of the question or answer, and are not in fault.   The reason of the rule having failed, the rule cannot be upheld.   The practice permitting communication between the judge and jury as to matters of law has been approved " if the rights of the parties are fully secured," because it was thought " the ends of justice are likely to be promoted in this way, while by refusing an answer the rights of the parties might be left in some measure to chance, or an unnecessary hardship imposed upon the jury."   *Shapley* v. *White*, 6 N. H. 172, 175, 176.   Generally, the rights of the parties are preserved by an opportunity to except to the instructions after verdict.   *Allen* v. *Aldrich*, 29 N. H. 63, 74 ; *Leighton* v. *Sargent*, 31 N. H. 119, 137.   This practice has been approved in numerous cases since *Shapley* v. *White*, *supra* (1833), and its validity is now too firmly established to be questioned.   *Rizzoli* v. *Kelley*, 68 N. H. 3 ; *State* v. *Prescott*, 67 N. H. 203, 204 ; *Ahearn* v. *Mann*, 60 N. H. 472, 476 ; *Glines* v. *Smith*, 48 N. H. 259, 260, 271 ; *Page* v. *Kinsman*, 43 N. H. 328, 330 ; *Leighton* v. *Sargent*, 31 N. H. 119, 122, 137 ; *Allen* v. *Aldrich*, 29 N. H. 63, 66, 74 ; *Bassett* v. *Company*, 28 N. H. 438, 444, 458 ; *School District* v. *Bragdon*, 23 N. H. 507, 517.

The practice can be sustained, however, only upon the ground that " no prejudice has arisen or can arise to either party."   *Shapley* v. *White*, *supra*.   Hence it is important, where the instructions are given out of court without the knowledge of counsel, that, as required by the cases cited, the question and answer should be

preserved and returned into court for the inspection of counsel, so that the communications " can be excepted to in the same manner as if they had been given in open court." *Allen* v. *Aldrich*, 29 N. H. 63, 74. It is equally necessary that the right of exception then given should be as broad as it would in fact have been were the instructions given in open court; and an exception then taken must extend not only to what was said, but to the omission of anything that ought to have been said if any reply is made,— the propriety of any reply being a question of fact. *Harvey* v. *Graham*, 46 N. H. 175.

The defendants claimed that the accident was the result of the plaintiff's negligence in attempting to cross the track without making any effort to ascertain whether a car was approaching. If it were found that the plaintiff negligently went upon the track, he could nevertheless recover if, after his want of care had created the dangerous situation, the defendants by due care could, while the plaintiff could not by like care, have prevented the injury. In other words, if the motorman could, after discovering the plaintiff's danger, by the exercise of care have prevented the collision, while the plaintiff, after discovery of the approaching car, could not have escaped injury, the defendants' want of care, which, if exercised, would have prevented the injury, was its legal cause, while the plaintiff's negligence was the cause of the danger merely. *Wheeler* v. *Railway*, 70 N. H. 607; *Gahagan* v. *Railroad*, 70 N. H. 441; *McGill* v. *Granite Co.*, 70 N. H. 125; *Edgerly* v. *Railroad*, 67 N. H. 312; *Felch* v. *Railroad*, 66 N. H. 318; *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159.

The jury were properly instructed before the case was submitted to them, that the defendants were bound to use every reasonable exertion to stop the car if a traveler were unavoidably or negligently upon the track. The reserved case does not state the fact; but, in the absence of any exception to the original charge, it must be assumed that the distinction between negligence as the cause of the danger and negligence as the cause of, or as contributing to, the injury was fully and correctly explained to them. The inquiry of the jury indicates that they did not clearly comprehend the distinction; that some, at least, of the jury understood the charge to mean that, under every view of the facts, the plaintiff, if negligent in going upon the track, could not recover.

The only negligence charged against the plaintiff was his failure to observe the approaching car. The inquiry of the jury, therefore, was whether they had been told that if the plaintiff's position on the track was due to his want of care he could not recover. In a popular sense, the plaintiff's being upon the track was the cause of the injury. If he had not gone on the track there

would have been no accident. Such appears to have been the confusion of the jury in *Folsom* v. *Railroad*, 68 N. H. 178. In the failure of the jury to comprehend the instructions already given, as exhibited by their question, it is probable that the technical answer given to their inquiry may have led them to understand that the plaintiff's carelessness in going upon the track ended his case. In this situation the inquiry of the jury, if answered at all, called for an explanation of the legal distinction between negligence as the cause of the danger and negligence as the cause of the injury. If suggested by counsel, the principle would have been stated in some form. The instruction having been given during adjournment, without the knowledge of counsel, the exception must be treated as if made to a refusal to state upon request an elementary proposition applicable to the evidence and decisive of the plaintiff's rights. In no other way can the lack of opportunity to request instructions applicable to the evidence and pertinent to the inquiry of the jury be prevented from prejudicing the parties. So considered, the exception must be sustained. If, as is probable, the jury understood from the technical answer without explanation that carelessness of the plaintiff in going upon the track precluded his recovery upon any view of the subsequent acts of the parties, it is clear that there has been a mistrial, because the jury were thereby precluded from considering a ground upon which they may have thought the plaintiff entitled to recover.

*Exception sustained : verdict set aside.*

BLODGETT, C. J., did not sit: the others concurred.