J. F. FLOURNOY, PLAINTIFF IN ERROR, v. MUNSON BROS.
CO., A CORPORATION, DEFENDANT IN ERROR.

1. While Section 1031 of the Revised Statutes of 1892 requires
replications to be filed at the rule day next succeeding
that upon which the plea shall have been filed, unless a
term of court intervenes, in which event the issues must
be made up by the first day thereof, it does not inhibit the
plaintiff from filing the replication at any time after the
plea is filed, and it could be filed on the same day the plea
was filed, if plaintiff elected so to do.

2. Rule 33 of the Rules of Circuit Court in Common Law
Actions provides that where a rule day occurs in term,
and such rule day is the day upon which the defendant is
held to file his plea or demurrer to the declaration, any
issue of fact arising upon such plea shall not be heard
during that term, unless by consent of parties, but it has
no applicability to pleas which have been filed prior to
the beginning of the term, and it expressly confers upon
the court the power to hear and dispose of any demurrer
which is interposed during the term, within its discre-
tion.

3. It is the duty of parties litigant and their attorneys, having
business before the court, to be present during the term.
When a defendant had due notice that a demurrer inter-
posed by plaintiff to his pleas would be called up for hear-
ing on a day during the term, it was his duty as well as
that of his counsel to be present in court at the time ap-
pointed for such hearing. Where such demurrer is heard
and overruled by the court, though defendant and his
counsel are not present, and plaintiff, subsequent to the
overruling of his demurrer, files a replication to defend-
ant's pleas the court can proceed to trial of the cause, and
will not be held in error for so doing, in the absence of
any showing of surprise or other excuse on the part of
the absent party.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the Court.

*Wm. W. Flournoy,* for Plaintiff in Error.

No appearance for Defendants in Error.

SHACKLEFORD, C. J. This is an action of assumpsit instituted by defendant in error against plaintiff in error in the Circuit Court for Holmes county. The defendant filed his amended pleas on the 13th day of October, 1905, and on the 16th day plaintiff filed a demurrer thereto, having given notice to defendant's counsel, dated the 14th day, that the same would be called up for argument at Bonifay, the county site of Holmes county, on the 19th day of said month, or as soon thereafter as counsel could be heard. The Fall term of the Circuit Court for Holmes county convened on the 16th day of said month, and on the 20th day the court made an order, in open court, over-ruling plaintiff's demurrer, the defendant not appearing. On the 21st day of October plaintiff joined issue upon de-fendant's pleas, and on the 27th day the case came on for trial, the defendant not appearing, which resulted in a verdict and judgment for plaintiff. On the 3rd day of November, 1905, the defendant filed a motion to vacate the judgment and stay the execution upon the grounds: "That the issues of fact in said cause were not made up on, or by, the 16 day of October, 1905, the said date being the first day of the Fall term of said court for the year 1905, and that by reason of the absence of a joinder of issues by the first day of said term the issues of fact in said cause were not, in accordance with the rules of said

court and the statutes of Florida in such cases made and provided, triable at said term of said court.

That said defendant did not consent to the trying of the issues of fact in said cause at the term of the court be-binning October 16, 1905."

On the 7th day of November the court made an order denying the motion, reciting therein that the term of court at which the judgment was rendered had adjourned *sine die* October 27, 1905.

Defendant sued out a writ of error to this judgment, returnable to the present term.    Three errors are as-signed, which are as follows:

"I.

The judgment of the court in said cause is erroneous

II.

The court at the time of entering the judgment in said cause was without jurisdiction so to do.

III.

The court erred in its judgment upon defendant's motion to vacate judgment and stay execution."

These assignments may   conveniently be   treated to-gether, since they really present but one question for our decision.

Plaintiff in error strenuously argues that the Circuit Court was without jurisdiction to try the case or to enter any judgment therein, basing his contention upon section 1031 of the Revised Statutes of 1892 and Rule 33 of the Rules of Circuit Court in Common Law Actions, found

VOL. 51, JANUARY TERM, 1906. 201

Flournoy v. Munson Bros. Co.—Opinion of Court.

on page 14 of said Rules, published in 14 Fla., said section and rule being as follows:

"1031. Time for filing replication.—Replications shall be filed at the rule day next succeeding that upon which the plea shall have been filed; but all issues shall be made up by the first day of the next succeeding term, and within such period from the filing of the plea, and as to the filing of the replication and other pleadings, as may be provided for by the rules of court existing, or which may be adopted."

"33. In case a rule day shall occur during a term, like proceedings may be had in the matter of entering defaults, and judgments by defaults, in the clerk's office as upon other rule days. Where a rule day occurs in term, and such rule day is the day upon which the defendant is held to file his plea or demurrer to the declaration, any issue of fact arising upon such plea shall not be heard during that term, unless by consent of parties. If, however. a demurrer is interposed by either party in term, such demurrer may be heard and disposed of during the term, in the discretion of the court."

We cannot agree to this contention. The statute, which we have just quoted relates to the time for filing replications, allowing the plaintiff until the rule day next succeeding that upon which the plea shall have been filed in which to file his replication, unless a term of court intervenes, in which event the issues must be made up by the first day thereof. It does not inhibit the plaintiff from filing the replication at any time after the plea is filed, and it could be filed on the same day the plea was filed, if plaintiff elected so to do. We also fail to see wherein the rule upon which plaintiff in error relies supports his contention. The demurrer in the instant case was filed on the first day of the term, and the rule ex-

pressly confers upon the court the power to hear and dispose of the same during the term, in its discretion. The pleas had been filed prior to the beginning of the term, therefore, the rule is not applicable as to such pleas.

It was the duty of parties litigant and their attorneys, having business before the court, to be present during the term. In the instant case defendant had due notice that the demurrer would be called up for hearing on a day during the term, but he did not see fit to attend. As a matter of fact, the demurrer was decided adversely to plaintiff on the 20th day of October, and the case was not called for trial until the 27th day, one week thereafter, and still defendant was not present in court. See 21 Ency. Pl. & Pr. 971; Chapman v. The Chicago and Northwestern Railway Company, 26 Wis. 295, text 307; Rizzoli v. Kelley, 68 N. H. 3, 44 Atl. Rep. 64. Also see Wilson v. Johnson, decided here at the present term, as to the discretion necessarily vested in the trial judges as to the conduct of trials generally. We would also refer to 21 Ency. of Pl. & Pr. 975.

No showing is made in the transcript that plaintiff in error was taken by surprise at the action of the court or that it was contrary to the established practice in such court, upon which he had a right to rely. 3 Ency. of Pl. & Pr. 802. On the contrary, he stands strictly on his legal rights as he conceives them to exist.

No error has been made to appear to us, therefore the judgment must be affirmed, at the cost of the plaintiff in error, and it is so ordered.

Cockrell and Whitfield, JJ., concur.

Taylor, Hocker and Parkhill, JJ., concur in the opinion.