W. T. HADLOW COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. W. SARGENT, *Defendant in Error*.

1. In an action of assumpsit wherein the defendant has had a special count of the declaration stricken out on motion, which left standing only the common counts, no error was committed by the trial court in sustaining objections of the plaintiff to the proffer in evidence by the defendant of such special count which had been so stricken.

2. It is the duty of parties litigant and their attorneys having business before the court, to be present during the term. When a case has been reached for trial, especially after the same has been set for trial on that day, no error is committed by the trial court in proceeding with such trial, during the absence of the defendant or his attorneys.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Gibbons & Maxwell,* for Plaintiff in Error;

*Jackson, Nixon & North,* for Defendant in Error.

SHACKLEFORD, J.—The defendant in error brought an action of assumpsit against the plaintiff in error and re-

covered judgment for the sum of $965.08, which plaintiff in error brings here for review by writ of error.

The first assignment is that "the court erred in sustaining the objection of plaintiff to the admission in evidence of the first count of the amended declaration in this cause, when offered by defendant." We find that this first count of the amended declaration had been stricken out by the court, previous to the trial, upon the motion of the defendant. This left only the common counts standing in the declaration, to which the defendant had filed a plea of never was indebted, upon which the plaintiff joined issue and trial was had before a jury. The bill of exception discloses that when the case was called for trial no counsel was present representing the defendant and that the plaintiff proceeded to introduce his evidence, at the close of which the court instructed the jury to bring in a verdict for the plaintiff." At this time, before the verdict was rendered, John S. Maxwell, one of the attorneys for defendant, appeared in the court room, stated he had just learned the case was on trial, and requested five minutes to look into the case, which was granted him." Thereupon he offered in evidence the first count of the amended declaration, to which the plaintiff objected upon the grounds that it had been stricken and formed no part of the pleadings in the case and that it was immaterial and irrelevant. The court sustained the objection, to which ruling the defendant excepted. We see no useful purpose to be accomplished by setting out this proffered count of the declaration, which had been stricken out on motion of the defendant and consequently no longer formed a part of the pleadings in the case. We fail to see wherein any error was committed by the trial court in excluding it, and the brief of the plaintiff in error does not throw any special light upon the point.

The second and only remaining assignment is based

upon the denial of the motion for a new trial. This motion is as follows:

"Now comes the defendant by its attorneys Gibbons and Maxwell and moves the court to set aside the verdict and grant a new trial in the above entitled cause, upon the following grounds. 1st.

The defendant has not had its day in court.

2nd. That the above entitled cause was never set for trial on May 11th, 1910, the day upon which it was tried. The case set for trial on said May 11th, 1910, was entered upon the docket of above court as J. S. Sargent vs. H. T. Hadlow, which entry was changed to J. W. Sargent vs. H. T. Hadlow Co. and this case was set for trial on May 11th, 1910.

3rd. The above entitled case does not appear and did not appear prior to May 11th, 1910, upon the docket of said above entitled court.

4th. That when the Spring Term of the above entitled court was commenced, to-wit, on May 3rd, 1910, Cromwell Gibbons of the firm of Gibbons and Maxwell was absent from the city of Jacksonville and in Mayport, Florida, that John S. Maxwell the other member of the firm was on said day at the time of the opening of said court and the calling of the docket for setting cases for trial, was presiding as Judge of the Criminal Court of Record in and for Duval County, Florida, performing his public duties and was unable to attend; that the said John S. Maxwell was in charge of the above entitled cause, and that he was constantly in the performance of his duties as Judge as aforesaid from May 3rd, 1910, that neither said Gibbons or said Maxwell were aware that the above entitled cause was attempted to be set for trial; that on May 11th, 1910, the said John S. Maxwell was presiding as Judge aforesaid when Mr. R. C. Dowling came into the Criminal Court Room and informed him that the case was on trial; that

said Maxwell immediately came into the Circuit Court and found the case had already been tried and that the judge had instructed the jury to bring in a verdict for the plaintiff; that he requested time to look into the case, it was granted, that said Maxwell then offered in evidence the first count of the amended declaration to which objection was made and sustained by the court and thereupon the jury found its verdict for the plaintiff, wherefore defendant says it has never been heard properly in its defense, through no fault of its own, but solely through John S. Maxwell, if anyone.

5th. That the court erred in sustaining the objection to the offering in evidence the first count of the amended declaration and refusing to allow the same to be read in evidence."

The affidavits of Cromwell Gibbons, Esquire, and J. S. Maxwell, Esquire, were filed in support of the motion as was also a statement in opposition thereto signed by the plaintiff's attorneys, but we do not see the advisability of copying either such affidavits or statement. It is sufficient to say that we have given the same our careful examination and no error is made to appear to us in the denial of the motion. See Flournoy v. Munson Bros. Co., 51 Fla., 198, 41 South. Rep., 398, and the authorities therein cited, all of which will be found to be in point.

Judgment affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.