AMERICAN TIE & TIMBER COMPANY, *a Corporation, Plaintiff in Error*, v. SHERMAN WASHINGTON, *Defendant in Error.*

Where pleas have been filed in an action at law, and at a term of the court thereafter issue is joined on the pleas and the case is tried in the absence of defendant's counsel, the judgment will not be reversed on that ground, in the absence of a showing of abuse of discretion in the court below in proceeding to a trial under the circumstances stated.

This case was decided by Division A.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*A. E. Leslie,* for Plintiff in Error;

*L. E. Roberson,* for Defendant in Error.

WHITFIELD, C. J.—The declaration filed December 5, 1910, by Sherman Washington in the Circuit Court for Suwannee County, was in the common counts for $248.00. On February 6, 1911, the defendant corporation filed two pleas, one of never was indebted, and the other a special pleas of set off with a bill of particulars attached. On May 9, 1911, during a term of the court the plaintiff joined issue on the two pleas. Sec. 1447, Gen. Stats. A trial was had the same day in the absence of defendant's counsel, and judgment for the plaintiff in $259.20, was rendered, to which the defendant took writ of error. The defendant in error is not represented in this court, but as the writ of error was duly recorded under the statutes this court has jurisdiction of the subject-matter and of the defendant in error for the purposes of this case.

It is contended that the joinder of issue on the pleas during the term of the court and the trial of the cause on the same day in the absence of counsel for the defendant, was such a surprise to counsel as to make the judgment erroneous and subject to reversal on writ of error.

This may be a hard case, but no such abuse of discretion is shown in the conduct of the trial as requires a reversal of the judgment. The pleas were filed February 6th, 1911, and it was the duty of the plaintiff to reply

thereto or join issue thereon, at least by the ensuing term of the court, and it was the duty of the defendant's counsel to be present in the court at the time the issues could have been joined and the trial of the action proceeded with under the law. See Flournoy v. Munson Bros., 51 Fla. 198, 41 South. Rep. 398.

It is stated in the brief that counsel for the defendant below was absent in Tallahassee as an attache of the Florida Legislature when the issues were joined and the trial had. Whether this was, or was not, a good reason for a continuance of the cause was for the determination of the trial court. Only the record proper is here, and there is nothing to indicate such an abuse of discretion by the trial court as calls for a reversal of the judgment, therefore the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.