JACKSON BROTHERS LUMBER COMPANY, ET AL, *Plaintiffs in Error*, v. YAEGER & MCCASKILL, *Defendants in Error*.

Opinion Filed October 23, 1920.

Where the verdict is a proper one on a fair consideration of all the evidence and no rule of law or procedure has been violated to the material injury of either party, a new trial should not be granted.

A Writ of Error to the Circuit Court for Leon County; E. C. Love, Judge.

Order reversed.

*W. C. Hodges* and *Fred H. Davis*, for Plaintiffs in Error;

*W. J. Oven* and *Jos. A. Edmondson,* for Defendants in Error.

PER CURIAM.—This writ of error was taken by the plaintiff below to a motion granting a new trial in an action to recover damages for an alleged breach of contract, the contention being that the award of $196.00 as damages is inadequate. The contract provided for extending a tram road of the defendants in error into a tract of 1360 acres of pine timber of the plaintiffs in error for the purpose of hauling all the *lumber* to be made from the trees on the land. The defendants in error agreed to build and operate the tram road, etc., provided the plaintiffs in error "shall offer for shipment over said tram road an average of two hundred thousand feet of lumber per month for twelve months  * * * and thereafter an average tonnage of two hundred thousand feet per month, until all of said timber shall be cut." It appears that the tram road was not built within the specified time and that before the expiration of twelve months from the agreed date all the timber on the land suitable for *lumber* had been cut and the lumber made therefrom shipped under the contract.

Giving to the contract the force of a covenant in the particular here involved, the timbered lands with reference to which the contract was made, did not yield the expected *lumber* production (as to which there was no covenant), and there were items claimed by the plaintiffs in error to offset the demands of the defendants in error under the contract, and as it cannot be said that the amount awarded as damages could not have been arrived at by a fair consideration of all the evidence under the issues, the motion for new trial should have been denied.

The order granting a new trial is reversed and the cause is remanded with directions to enter final judgment for the plaintiffs below on the verdict, unless a motion in arrest of judgment, or for judgment non obstante veredicto shall be made and prevail. Sec. 1695 Gen. Stats. 1906, Compiled Laws, 1914; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Philadelphia Underwriters' Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 South. Rep. 210; Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897; Feinberg v. Stearns, 56 Fla. 279, 47 South. Rep. 797; Georgia Southern & F. R. Co. v. Hamilton Lumber Co., 63 Fla. 150, 58 South. Rep. 838; Nathan v. Thomas, 63 Fla. 235, 58 South. Rep. 247.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.