H. J. WILHELM, *Plaintiff in Error*, v. SOUTH INDIAN RIVER COMPANY, a Corporation, and BROR J. CARLBERG, *Defendants in Error*.

En Banc.

Opinion filed November 20, 1929.

*Elvin A. Bass,* for Plaintiff in Error;

*Paschol C. Reese* and *Winters, Foskett & Wilcox,* for Defendant in Error.

MATHEWS, Commissioner:

Wilhelm brought an action for damages alleging malicious prosecution. Defendants appeared and thereafter, on the rule day in September, 1925, default was regularly entered against them for want of plea or demurrer, and thus the case stood on September 15, 1927, when an attorney, not of record, on behalf of plaintiff filed with the clerk *praecipe* to have the case docketed for October term and also a notice that the case was at issue and ready for trial. The case continued on default; and on a day in the October term in 1927 a jury was empaneled to assess damages which jury, after being duly sworn and after hearing the evidence and the charge of the court, rendered its verdict assessing plaintiff's damages at $1500.00. At the trial for assessing

of damages before the court and jury plaintiff was represented by the attorney who filed *praecipe* and notice for docketing the case. The defendants were not present and not represented at the trial had for assessing damages.

The court granted a new trial and the plaintiff took writ of error under Sec. 4615 of the Comp. Gen. Laws of 1927, Sec. 2905 of Rev. Gen. Stats.

The grounds of the motion for new trial are that: Plaintiff did not notify defendants or their attorneys of record the case had been assigned for trial, the verdict is contrary to law, the verdict is contrary to the evidence, the verdict is excessive, notice case was at issue and ready for trial was not filed by plaintiff's attorney of record but by another attorney styling himself "attorney for plaintiff" who had not theretofore appeared of record in the case, the case was improperly docketed, plaintiff's attorneys of record had led defendants to believe trial would not be had.

The trial judge made the following order:

"I am of the opinion that filing of the notice of trial with the clerk is sufficient, without service on the defendants or defendants' attorney.

I do not believe that the verdict was contrary to law or the evidence, or that it was excessive.

However, it has been my practice for a period of years to hear only counsel of record in a case, unless there is a withdrawal of counsel by leave of court, or a withdrawal and substitution of counsel, or unless other counsel have been associated with counsel of record, or unless the client is given leave by the court to be represented by other counsel.

In this case, counsel other than counsel of record, filed notice of trial and tried the case before the jury.

I am certain they have acted in good faith, yet I see no reason to depart from my practice in this case, in view of the fact that defendants have a right to have this case regularly placed upon the trial docket and right to be heard as to the amount of damages.

*Therefore it is ordered and adjudged* that the motion for new trial be and the same is hereby granted.''

The only question to be considered on a writ of error taken under the statute to an order granting a new trial ''to review said order'' is whether the court erred in granting the new trial. Sec. 4615, Comp. Gen. Laws of 1927; Carney v. Stringfellow, 73 Fla. 700. 74 So. R. 866.

The proper practice, after default where testimony is to be introduced as to the amount of damages, is to have the case put on the docket for the next term, and when called, have the question of damages tried before the jury. Circuit Court Rule No. 32; Parker v. Dekle, 46 Fla. 452; 35 So. R. 4; Crandall's Fla. Practice 65; Stubbs v. Franklin Lumber Co., 42 Fla. 376, 29 So. R. 317.

Clerks of the circuit courts are required, before each term, to prepare a trial docket, upon which shall be entered all cases of law triable at that term, and it is not necessary to notify the defendants nor their attorneys of record in order for the plaintiff to have a cause, triable at the next term, entered upon the trial docket which is prepared and made up before the term begins. Circuit Court Rule No. 41.

When the judge of the circuit court has, by order under the provisions of Circuit Court Rule No. 41, directed the clerk as to the order for placing notice cases upon the trial calendar, the clerk may properly place a default case upon the advance trial docket, among the notice cases triable

at the next term in the relative order in which it with other notice cases came at issue, though notice of such default case being at issue and ready for trial and filed with the clerk within the required time for advancement on the trial calendar was filed by an attorney in plaintiff's behalf who though duly admitted to practice in such court did not appear to be plaintiff's attorney of record in such suit. Circuit Court Rule No. 41.

After default, in a tort action, the defendant has a right to put in proof and to be heard upon the question of damages. Watson v. Seat, 8 Fla. 446; Russ v. Gilbert, 19 Fla. 54.

It is the duty of the parties litigant before the court, to be present during the term, and when a default case has been properly placed upon the trial docket, no error is committed, at the calling of same in term, in immediately referring the case to a jury to assess damage, though the defendants and their attorneys be absent from such trial and be not served with a notice of such trial. Comp. Gen. Laws 1927, Sec. 4286; Rev. Gen. Stats. Sec. 2620; Flournoy v. Munson, 51 Fla. 198, 41 So. R. 398; Hadlow Co. v. Sargent, 61 Fla. 263, 54 So. R. 1003; American Tie & Timber Co. v. Washington, 62 Fla. 117, 57 So. R. 201.

Two affidavits were filed below in support of the motion for new trial, the substance of which is as follows: One by secretary and treasurer of defendant company on behalf of company and as agent for other defendant alleging plaintiff's attorney of record had advised affiant from time to time and as late as August, 1927, he would take no further action in the cause and as far as he (plaintiff's attorney) was concerned it was a dead issue; that defendants did not know the case was set for trial until after verdict. The second affidavit was by plaintiff's attorney who filed suit alleging he had agreed with attorneys for defendants that

he would not oppose a motion to set aside the default and re-open the case, and from time to time and as late as August, 1927, advised the secretary and treasurer of defendant corporation and agent for remaining defendant that as far as affiant was concerned nothing further would be done in connection with the case by him, as subsequent personal matters with B. J. Carlberg would embarrass affiant in personally trying the case, but that affiant would turn over all papers to another attorney if plaintiff should so desire.

There is nothing in the record to justify defendants in concluding this case would not be tried, and nothing to show that defendants have any evidence to offer at another trial of the case which could be expected to minimize or reduce the amount of damages from that in the verdict rendered.

Plaintiff had the right, his attorney of record being unable to try the case and ready to turn over all papers, to employ another attorney and have a default case, which had lain dormant for more than two years, placed upon the trial calendar and heard by a jury upon the question of damages. U. S. Savings Bank v. Pittman, 80 Fla. 423, 86 So. R. 567. And trial by such other attorney, without being substituted upon the record as plaintiff's attorney, will not after verdict be regarded as a fundamental error of procedure.

A new trial should not be granted for errors of procedure that are not fundamental, where it appears to the court that substantial injury or injustice could not reasonably have resulted from such errors to the party complaining of them. Witherspoon v. State, 76 Fla. 445, 80 So. R. 61; Chancey v. State, 68 Fla. 93, 66 So. R. 430; City of Jacksonville v. Glover, 69 Fla. 701, 69 So. R. 20; Jackson Bros. v. Yaeger, 80 Fla. 611, 86 So. R. 500.

The Supreme Court is invested with, and the inferior courts are divested of the power to adopt rules of practice of a permanent and general nature and convenient simply, not necessary, to the administration of law by such inferior courts. State ex rel. Ross v. Call, 39 Fla. 504, 22 So. R. 748; Comp. Gen. Laws 1927, Sec. 4682; Rev. Gen. Stats., Sec. 2955.

When some settled principle of law is violated by the trial court in granting a new trial, or where in law the evidence requires the finding to be as made, and a judgment on the finding would be in accord with law and the requirements of substantial justice in the case, the appellate court will reverse an order of lower court granting a new trial, when the matter is appropriately presented. Phillips v. Lowenstein, 91 Fla. 89; 107 So. R. 350.

The order granting a new trial is reversed and the cause is remanded with directions to enter final judgment for the plaintiff below on the verdict, unless a motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail. Comp. Gen. Laws of 1927, Sec. 4615; Rev. Gen. Stats. Sec. 2905; Jackson Bros. v. Yaeger, 80 Fla. 611, 86 So. R. 500; S. A. L. Ry. v. Wester, 94 Fla. 259, 114 So. R. 242; F. E. C. Ry. v. Davis, 96 Fla. 171, 117 So. R. 842.

Per Curiam.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed, and the cause is remanded with directions to enter final judgment for the plaintiff below on the verdict, unless a motion

978

in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.