R. C. CAMP v. WALLACE E. STURGIS.

149 So. 559.
Division A.
Opinion Filed July 12, 1933.

*R. L. Anderson,* for Plaintiff in Error;

*D. Neil Ferguson* and *Frank R. Greene,* for Defendant in Error.

DAVIS, C. J.—Plaintiff below, as payee of a promissory note, declared in statutory form against the defendant, R. C.

Camp, as maker, and upon trial had upon an issue of no consideration for the instrument, verdict was returned in plaintiff's favor, for the aggregate sum of three hundred forty dollars and thirty-one cents. Upon writ of error defendant seeks reversal of the judgment on the ground that certain specified errors were made during the trial in the admission and rejection of evidence, and in charging the jury. Complaint is also made that the case was allowed to go to trial without any formal joinder of issue by plaintiff as to defendant's pleas, and that error was committed in denying defendant's motion for a directed verdict.

The evidence shows that Mr. Camp, the maker of the note, was interested in getting a relief bill passed by the Legislature for an old Negro, J. B. Brown, who had once saved his (Camp's) life. Brown had been convicted of murder, sentenced to be hanged, had his sentence commuted to life imprisonment, and was later pardoned on proof that another Negro, and not he, had been guilty of the murder for which he had been convicted. Wallace E. Sturgis, an attorney, was engaged by Camp to prepare and seek passage of a bill for Brown's relief. His efforts culminated in the final enactment of Chapter 14541, Acts of 1929, by which the Negro, Brown, was awarded a monetary allowance of $25.00 per month to be paid to him as long as he should live, or until a total of $2,492.00, representing the value of his prison labor, should be paid to him.

The legislative Act as passed was somewhat different from that which Mr. Camp had desired to obtain for the old Negro, but it appears that he accepted its passage as a compliance with his understanding with Sturgis that Sturgis should be paid for his expenses incurred, and services rendered in connection with the preparation and submission to the Legislature of proof necessary to induce the bill's enactment into law. It was after this that Camp signed

the note to Sturgis for $250.00, payable 90 days after date, which note Sturgis discounted at the bank but later had to redeem his endorsement on it as payee, by paying to the bank an amount sufficient to discharge his endorser's liability.

There is ample evidence in the record, including some of the testimony of the defendant himself, upon which the jury could lawfully have found, as it did, a verdict for the plaintiff. Nor has it been made to appear that any ruling during the trial, nor that any of the charges given to the jury, operating to the prejudice of defendant's defense to the suit.

Failure to file a joinder of issue on the pleas was at least a technical or formal error only. Reversal will not be ordered for such an error unless the appellate court can see from the record that prejudice likely resulted therefrom to the losing party, or some undue advantage accrued therefrom to the prevailing party. No such showing appears in this case. See American Tie & Timber Co. v. Washington, 62 Fla. 117, 57 Sou. Rep. 201; St. Johns & H. R. Co. v. Shalley, 33 Fla. 397, 14 Sou. Rep. 890.

While the better practice, if not the indispensable requirement of the law, is that in suits on promissory notes the amount allowed for attorney's fees should be separately found and stated in the jury's verdict, it appears in this case that the amount of a reasonable attorney's fee in the event of plaintiff's recovery, was stipulated for before the verdict was returned. It does not appear from the amount of recovery allowed, that the total amount of damages stated in the aggregate in the verdict, exceeds the amount recoverable under the note, the evidence of what was due on it, and the stipulated amount of attorney's fees. So no ground for setting the verdict aside appears here.

The judgment appears to have been arrived at in substantial accordance with the procedural requirements of the law, in consequence of which no cause for reversal appears, so the judgment must be, and is hereby affirmed.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.