### PENGUIN INTERNATIONAL, Ltd. v. CIBOLA.

Circuit Court, Dade County, Civil Appeal.

January 2, 1953.

Irvin Scherr and Alvin S. Cawn, both of Miami Beach, until June 25, 1952, thereafter Franks & Gordon, Miami, for appellant.

Frederick M. Lucarelli, Miami, for appellee.

STANLEY MILLEDGE, Circuit Judge.

Plaintiff corporation sued in the civil court of record on a $1,000 promissory note. Defendant admitted this indebtedness but counterclaimed for an additional $2,000, alleging plaintiff's "promise to pay this defendant counterclaimant the value of the loss of time and business incurred by this defendant." The plaintiff failed to reply to the counterclaim. Evidently thinking a reply unnecessary and the case ready for trial, it noticed the case for jury trial.

On the defendant's ex parte motion a default was entered on the counterclaim, the order providing "that the cause proceed ex parte as to said aforedescribed counterclaimant." The defendant moved, ex parte, for a final judgment and submitted his affidavit of proof

which was nothing but his conclusion that he had "lost" $3,000 during the ten weeks he was employed by plaintiff, $2,000 of which he allocated to salary and $1,000 to "actual business losses for 10 weeks because of defendant's absence." Various motions to open the default judgment were denied.

The plaintiff challenged the default judgment because of a variance (1) between the original and second counterclaim, (2) between the latter and the evidence. He also challenged the sufficiency of the evidence to support the judgment. I think that there is little merit to these objections.

Ordinarily an appellate court will note only those errors assigned and which were raised in the lower court. Exceptions are lack of jurisdiction and a judgment void on its face. Parker v. Dekle (Fla.), 35 So. 4. I believe that the final judgment here is void on its face. Because the subject of the counterclaim was an unliquidated claim the default did not admit the amount of the damages. Russ v. Gilbert, 19 Fla. 54.

What did the plaintiff admit by failing to reply to the counterclaim? It admitted the promise to pay the value of the loss of time and "business incurred." It did not admit what the value was. The trial court and the defendant recognized this as the final judgment was not entered without "proof" of the damage. The plaintiff was as much entitled to be heard on the question of damage as though this had been expressly denied. But of what value is a right to be heard without an opportunity to do so? The plaintiff here was given no opportunity.

The order of default expressly excluded such opportunity since it provided that the cause proceed ex parte. A default case should be put on the docket for the next term and *when called* have the question of damages tried before a jury. Wilhelm v. South Indian River Co. (Fla.), 124 So. 729. It is not, of course, necessary to give any special notice but it is necessary to docket a default and set default cases for trial (where there are damages to assess). In this way the defaulted party has an opportunity to find out when his case will regularly be presented so that he may be present and defend on the issues of damages. Since a default admits the cause of action but not the damage it necessarily follows that the latter is a question of fact requiring submission to a jury. In such cases neither the judge nor the clerk, acting by direction of the judge, may enter a default. The two cases cited above so hold.

The plaintiff had properly asked for a jury trial. He has not had one. The counterclaim grew out of the same transaction that the plaintiff's note did. The matter could not be split, and a trial held on the note but not on the defendant's claim.

The final judgment is reversed with directions that the default be docketed, and set for trial on the sounding of the docket (or upon special notice to the counsel of the parties). Upon the trial the plaintiff will be permitted to contest the issue of damages only and not the promise sued on in the counterclaim. It is so ordered.