### KANTOR v. ROFFELD.

Circuit Court, Dade County, Civil Appeal.

September 22, 1953.

Hylan H. Kout and Montague Rosenberg, both of Miami Beach, and Cushman, Gay & Woodard, Miami, for appellant.

Arthur J. Kline of Warren, Klein, Lehrman, Shorenstein & Kline, Miami Beach, for appellee.

MARSHALL C. WISEHEART, Circuit Judge.

Max Kantor, plaintiff in the court below, sued the defendant Isaac Roffeld to recover a real estate commission. After various proceedings the cause became at issue on plaintiff's complaint and defendant's answer, neither party having demanded a jury trial. On November 13, 1951, after the cause became at issue, plaintiff's counsel served and filed a notice of trial "at the next ensuing term" pursuant to the provisions of common law rule 32[1]—made applicable

---

[1]Rule 32. TRIAL DOCKET—WHAT CASES—WHEN SOUNDED.

(a) *What Cases.* When a cause shall be ready for trial, either plaintiff or defendant may, at least fifteen (15) days before the commencement of a term of the court, serve on the opposing party a notice in writing that the case is ready for trial and will be placed on the trial calendar at the next ensuing term. If such notice be filed fifteen days before the commencement of such term the clerk shall enter the case upon the trial docket.

(b) *When sounded.* The trial docket shall be sounded for the setting of cases for trial on the Tuesday before the opening day of said term, in the courtroom of said court at 2:00 p.m. or thereafter upon one week's notice by the clerk to the parties, which sounding and setting of causes shall be by the judge, or by the clerk of said court.

(c) *Adding new cases.* Any case ready for trial, whether arriving at issue before or during the term, after fifteen days' notice by any attorney of record or the clerk of the court may at the discretion of the court be set for trial.

to the civil court of record by sections 33.09 and 33.10, Florida Statutes 1951. That notice of trial is the only notice ever served or filed.

Section 33.06 provides that there shall be six terms of the civil court of record commencing on the second Monday in January, March, May, July, September and November of each year. Common law rule 32(a) requires notice of trial "at the next ensuing term" to be served at least 15 days before commencement of any term of court. The November, 1951 term of the civil court of record commenced on the second Monday, to-wit: November 12, 1951, and hence, the only notice of trial ever served was filed one day after the commencement of that term of court and therefore was ineffective as notice of trial at the November, 1951 term.

The "next ensuing term" of the civil court of record commenced on the second Monday in January, 1952, which was January 14, 1952, and the notice of trial served and filed on November 13, 1951 was therefore notice of trial at the term commencing January 14, 1952.

Common law rule 32 expressly provides that the notice of trial be given for trial "at the next ensuing term," provided 15 days elapse between service of such notice and commencement of the term. That rule does not provide for notice of trial "at *an* ensuing term," nor for notice of trial "at *some* ensuing term," but expressly limits notice of trial "at the *next* ensuing term," which means the closest, nearest, nearest in order, nearest in time, or immediately following. See 66 C.J.S. p. 593.

The only notice of trial, therefore, ever served in this cause was notice of trial at the term of the civil court of record commencing January 14, 1952, which was "the next ensuing term of said court." The notice of trial required by common law rule 32 is an important provision designed to guarantee defendant's organic right to notice of proceedings against him. National Trucking Co., Inc. v. Gill (Fla.), 182 So. 220. The clerk's duty to docket causes is limited to those in which notice has been given at least 15 days before commencement of the term for trial at "the next ensuing term of court" after service of such notice, and counsel's duty to take notice of the docketing of causes is limited to those placed on the docket pursuant to such notice. Wilhelm v. South Indian River Co. (Fla.), 124 So. 729. When notice of trial has been given pursuant to common law rule 32 counsel are required to be in attendance and take notice of the proceedings at "the next ensuing term" not earlier than 15 days after service of such notice, but counsel are not required constantly to scan docket after docket at any and all subsequent terms of court without end or limitation in an effort to catch the case or be forever lost if he misses it. Culver v. Felt, 30 How. Pr. 442.

This cause was not set for trial at the January, 1952 term, nor at the March term, which commenced March 10, 1952, nor the May term, which commenced May 12, 1952, nor the July term, which commenced July 14, 1952. Four terms of court passed after service of the notice of trial before the case was finally set for trial on the trial calendar of the fifth term after service of the notice of trial.

Notice of trial served and filed on November 13, 1951 pursuant to rule 32 for trial at "the next ensuing term," which was the January term, 1952, was ineffective as notice of trial at the September term, 1952. This cause, which was set for trial at the September, 1952 term on October 16, 1952 was not properly noticed for trial at the September, 1952 term. The court had no authority to set it for trial and no authority to proceed to trial—without service of a notice of trial on defendant's counsel at least 15 days prior to the commencement of said term.

Since the only notice of trial ever served was filed November 13, 1951, approximately eleven months before the cause was actually set for trial on October 16, 1952, defendant's counsel cannot be held negligent—because he was entitled to the notice specified in rule 32, which was binding both upon the court and counsel.

Other contentions advanced by appellant are without merit and require no discussion. It follows that the order appealed from denying defendant's motion to vacate and set aside the final judgment should be and the same is hereby reversed. The cause is remanded to the civil court of record with directions to vacate the final judgment and all proceedings subsequent to defendant's answer, and to set the cause for trial after service of a notice of trial pursuant to the provisions of common law rule 32.